HENRY & BRO. v. WELLS.

STATUTE OF FRAUDS: *Parol contract. Part performance.*
Part performance of a parol contract, which the statute of frauds requires to be in writing, has no effect at law to take a case out of the provisions of the statute.

APPEAL from *Drew* Circuit Court.
Hon. J. M. BRADLEY, Judge.

*Wells & Williamson*, for appellants.

1. The contract being a verbal one, and not to be performed within a year, was within the statute of frauds,

and void. *Mansf. Dig., sec. 3371, subdivis. 6; Meyer v. Roberts, 46 Ark., 80; 1 Parsons on Cont., 529; Waite's Act· and Def., vol. 7, p. 43; 55 Mo., 97; 36 Ala., 351; 13 R. I., 480; 26 Ga., 551; 2 Helt (N. Y.) 116; 22 Ill., 248.*

2.  The verdict is contrary to the evidence.

SMITH, J.   The complaint stated that the defendants had employed the plaintiff as a bar-tender for the whole of the year 1884, but had, on the 1st day of May, in that year, discharged him without cause, paying his wages only to that date.   The prayer was for a recovery of wages for the remaining months.   The answer, among other defenses, set up the statute of frauds.   The proof was that the contract was made in November, 1883, and according to the plaintiff's version, was to include the remainder of that year and the year following, and that it was not manifested by any writing.   The court charged, in substance, that the plaintiff's entry upon the service and readiness to perform took the case out of the statute.   And the plaintiff had a verdict and judgment.

Verbal contracts are sometimes enforced in equity, especially for the purchase of land, where possession has been taken and improvements made on the faith of them. But partial execution has no effect at law to take any case out of the provisions of the statute.   *Brown on Statute of Frauds, see. 451, 4th Ed.*

This case is governed by *Meyer v. Roberts, 46 Ark., 80.*

Reversed for new trial.