### STORTHZ v. WATTS.

#### Opinion delivered October 16, 1916.

1. ORAL CONTRACT—STATUTE OF FRAUDS—EXCEPTION TO THE RULE—LEASE OF LAND.—In order for an oral contract for the lease of land to be taken out of the operation of the statute of frauds, there must be substantial expenditures in the way of performance of the contract over and above the mere occupancy of the land and the payment of rent for the period the land is actually occupied.

2. APPEAL AND ERROR—FAILURE TO ABSTRACT INSTRUCTIONS—PRESUMPTION.—Where, on appeal, all the instructions are not abstracted, it will be presumed that those refused are covered by those given.

Appeal from Pulaski Circuit Court; Third Division; G. W. Hendricks, Judge; affirmed.

*W. T. Tucker,* for appellant.

1. This court has found the facts and established the law of this case on former appeal. 117 Ark. 500. The lease was only for one year and the verdict is against the law and the evidence.

2. Improper evidence was admitted as to a lease for a second year, how long it had been since the place had been in cultivation; the improvements made by defendant and amounts expended as shown by checks. All these were rejected when this case was here before and were improperly admitted.

3. The instructions asked by plaintiff expressed the law of this case and should have been given. Bishop Non-Contract Law, §§ 98, 102, 111; 17 Johns. 92, 99; 117 Ark. 500. The contract was verbal and good for only one year. There was no such performance or expen-

ditures as to take this case out of the statute of frauds. Cases *supra* and cited in 117 Ark. 500.

*Miles & Wade,* for appellee.

1. The issues here are the same as on the former appeal. 117 Ark. 500. The contract was oral. But part performance, substantial expenditures and payment of rent were shown and the case thus taken out of the statute of frauds, and the tenant, if ejected, may recover damages. 49 Ga. 486; 103 Ind. 105; 123 Mass. 185; 109 Mass. 291; 34 Kans. 39; 134 Cal. 564; 124 Mo. App. 457; 117 Ark. 500, and cases cited.

2. The evidence fully supports the verdict. No improper evidence was admitted and the court gave practically the language of this court in its opinion on the former appeal in the charge to the jury. 21 Ark. 110; 112 *Id.* 502; 117 Ark. 500. Appellant's theory was submitted to the jury and the instructions refused did not state the law correctly.

3. Two juries have passed on this case and reached the same conclusion. No errors appear and the judgment should be affirmed.

HART, J. (1) This is an action of unlawful detainer instituted by L. Storthz to regain possession of a farm which he had leased by oral contract to J. A. Watts. This is the second appeal in the case. The opinion on the former appeal is reported in 117 Ark. page 500, under the style of *Storthz* v. *Watts.* Reference to that opinion is made for a more extended statement of the issues involved. The opinion on the former appeal is the law of the case and in that opinion the court held that in order to take an oral contract of lease of land out of the statute of frauds, there must be substantial expenditures in the way of performance of the contract over and above the mere occupancy of the land, and payment of rent for the period actually occupied. The jury again returned a verdict for the defendant for $160.00 and from the judgment rendered the plaintiff has appealed.

The plaintiff testified that he rented the land to the defendant for the year 1913, and that there was nothing said about a longer lease of the land. That there were eighty acres in cultivation and that the defendant agreed to pay him $3.00 per acre therefor.

On the other hand the defendant testified that he would not have rented the land for the year 1913, alone, because the fences were out of repair and that the fields were grown up in bushes and that many logs were there which needed moving. The defendant said that he only agreed to cultivate forty acres of land for the year 1913, and pay the defendant $3.00 an acre therefor. That he was to cultivate the whole eighty acres for the year 1914, and pay the plaintiff $5.00 an acre therefor. The defendant further stated that the winds have blown a great many trees down in the field and that he piled and burned the logs. That locust bushes and hickory sprouts twelve feet high had grown up in the fields and that the fences had been torn down in many places and were badly out of repair. That he cut and burned the bushes that had grown up in the fields and made permanent repairs of the fences. That these repairs were necessary in order that the land might be profitably cultivated and that these improvements and permanent repairs cost him something like $100.00.

The judgment in the case on the former appeal was reversed because the court did not think there was sufficient testimony to warrant a finding that there had been such performance of the contract as would take the case out of the operation of the statute of frauds. The testimony was different on the retrial of the case according to the testimony of the defendant which is set out above and need not be repeated here. The cost of the improvements when compared with the rental value of the land shows that the defendant made substantial expenditures in the way of performance of the contract over and above the mere occupancy and payment for the period actually occupied. At the least the jury was warranted in finding such to be the fact.

2.  Therefore the evidence was legally sufficient to support the verdict.  Complaint is made by counsel for the plaintiff that the court erred in giving certain instructions to the jury.  All the instructions given by the court are not set out in plaintiff's abstract but only the instructions complained of by him are abstracted by the plaintiff.  Where all the instructions are not abstracted, it will be presumed on appeal that refused instructions are covered by those given.  *De Queen & Eastern Ry. Co.* v. *Thornton*, 98 Ark. 61; *Brown* v. *Simsboro Cash Store*, 102 Ark. 531; *Wallace* v. *St. L. I. M. & S. Ry. Co.*, 83 Ark. 356; *Reisinger* v. *Johnson*, 110 Ark. 7.  Moreover the defendant in his abstract sets out an instruction given by the court and this instruction correctly instructed the jury as to the issues involved.

Therefore, the judgment will be affirmed.