## ASHCRAFT *v.* TUCKER.

### Opinion delivered December 2, 1918.

1. VENDOR AND PURCHASER—MUTUALITY OF OPTIONAL CONTRACT.—An optional contract for the sale of land, based upon a valuable consideration, does not lack mutuality, and will be enforced in equity when it has been accepted by the party seeking to enforce it.

2. SPECIFIC PERFORMANCE—DESCRIPTION OF LAND.—Before a court of equity is justified in decreeing the specific performance of a contract to convey land, the property must contain either a description which is in itself definite and certain, or one which is capable of being made certain by other proof, the contract itself furnishing the key by which the property may be identified.

3. STATUTE OF FRAUDS—PART PERFORMANCE.—While delivery of possession of land to the vendee under a parol contract takes the case out of the operation of the statute of frauds, and is sufficient to sustain a decree for specific performance, yet where the alleged purchaser is already in possession as tenant, and merely continues in possession after making the contract, that alone is not sufficient to take the case out of the operation of the statute.

4. SAME—PART PERFORMANCE—IMPROVEMENTS.—Where a tenant in possession of land continued in possession after entering into a parol contract for purchase of the land, the fact that he subsequently cleared off the bushes from two or three acres, and cleared out the ditches as he had been accustomed to do during the period of his tenancy did not constitute improvements of such valuable and substantial character as would render it inequitable to refuse him the relief prayed.

Appeal from Perry Chancery Court; *Jordan Sellers,* Chancellor; reversed.

STATEMENT OF FACTS.

W. H. Tucker brought this suit in equity against Byron Ashcraft for the specific performance of a land contract. According to the testimony of W. H. Tucker, he rented the forty acres of land in controversy from Byron Ashcraft for the year 1916, and agreed to pay as rent one-third of the corn and one-fourth of the cotton raised on the land. Some time in the fall, Tucker asked Ashcraft about renting the land for the next year and Ashcraft replied that he had a prospective purchaser for the land, but that if he did not sell it in a short time he would rent it to him again. Tucker wanted to again pay part of the crop as rent and Ashcraft wanted money rent. Tucker continued in possession of the land and Ashcraft told him that he would have to have $200 rent for the land for the year 1917. Tucker agreed to pay him $1,500 for the land and if the trade was consummated the rent note was to be considered as part of the purchase money. Later on Ashcraft prepared a contract for the sale of the land to Tucker and sent it to Tucker for his signature by Claude Hamilton. The contract reads as follows: "Byron Ashcraft agrees with the said W. H. Tucker, Jr., that if he wishes to buy the said land of Byron Ashcraft in the fall of 1917, the first payment being $450, four hundred and fifty, then rent note of $200 shall be applied as part payment. The said W. H. Tucker agrees to work the land to the best of his ability and pay the said sum of $200 as understood and mentioned above."

Tucker signed the contract and wrote on the back of it the following: "This agreement is understood that the land is to be valued at $1,500 in fall of 1917. W. H. Tucker." Tucker also signed the rent note, which is as follows: "On or before November 1, 1917, I promise to pay to Byron Ashcraft or bearer the sum of $200, two hundred dollars, for rent of his farm one-half mile north of Casa, Perry County, Arkansas, for the year 1917. (As per written agreement and promise with Kopert.)"

At the time he signed the rent note Tucker added to it the words (as per written agreement and promise with Kopert). Tucker wrote on the back of the agreement that the land was to be valued at $1,500 because that was the amount orally agreed upon between him and Ashcraft for the purchase price of the land. He told Hamilton that he had added this to the contract, and in this respect he is corroborated by the testimony of two other men who were present. In the fall of 1917, Tucker tendered to Ashcraft the sum of $450 and offered to assume the mortgage held by Kopert to the amount of $1,050 and demanded a deed for the land. Ashcraft refused the tender and declined to make the deed, hence this suit.

According to the testimony of Ashcraft, Tucker agreed to assume the whole mortgage indebtedness due by him to Kopert. Kopert had a mortgage on two tracts of land belonging to Ashcraft situated near each other. The home place of Ashcraft was one and the land in question was the other. Ashcraft received the written contract which had been signed by Tucker but did not examine the back of it and did not know that Tucker had written on it that the land was to be valued at $1,500 until a week before this suit was brought. The suit was filed on March 13, 1918. Ashcraft, after he received the written agreement from Tucker, delivered it to Kopert, and on that account did not examine it closely. Other facts will be stated or referred to in the opinion.

The chancellor found the issues in favor of the plaintiff and decreed a specific performance of the land contract, and the defendant has appealed.

*Edward Gordon,* for appellant.

1. Verbal admissions in suits for specific performance of oral contracts to convey land are received with disfavor by the courts. 2 Enc. of Ev. 930. These admissions were improperly admitted here. Outside these there is no testimony except plaintiff's. His testimony does not prove any kind of a contract. Appellee did not take possession under an oral agreement to purchase, and

there was no part performance.   Pomeroy on Spec. Perf. 116, 136; 63 Ark. 100; 37 S. W. 302-3; 44 Ark. 334; 21 *Id.* 277, 279; Jones on Ev. (2 ed.), § 432.

2.   The proof was not sufficient.   A case for specific performance was not made.   36 Cyc. 548-9, 635; 30 Ark. 554.

3.   The written provision on the back of the contract was placed there by Tucker without Ashcraft's knowledge or consent and was not binding.   17 Ark. 78; 86 *Id.* 97; 30 *Id.* 186.

4.   The land is not described and can not be the basis for a decree of specific performance.   85 Ark. 1; 107 S. W. 160; 21 Ark. 533; 85 *Id.* 160.

5.   There was no consideration for appellant's agreement to sell, and the contract does not require appellee to purchase and is void for want of mutuality.   96 Ark. 184; 124 *Id.* 354.   The contract is too indefinite and uncertain; void for want of mutuality and because appellee materially altered and added to it without appellant's knowledge or consent.   Fraud also was shown as well as bad faith and sharp practice.   There was no basis for specific performance.

*J. H. Bowen,* for appellee.

1.   The testimony is ample to support the decree. Appellee's right rested in part on the oral agreement and in part on the written agreement.   Part performance was proven and specific performance properly decreed.   32 Ark. 478.

2.   The defense is clearly a subterfuge.   40 Ark. 382; 21 *Id.* 277.

3.   There was mutuality.   80 *Id.* 209.

4.   There was no addition made to the contract after it was executed.   It is not proven that Tucker wrote on the contract that the price was $1,500.   Tucker states that the price was $1,500, and it was so written.   If the figures were changed they were changed while the contract was in appellant's possession and control.

5. The findings are conclusive, as they are not against the evidence. 120 S. W. 400; *Ib.* 843; 67 Ark. 200.

HART, J., (after stating the facts). The first contention of the defendant is that the contract, being unilateral or optional, can not be enforced even in a court of equity for want of mutuality. It is well settled in this State, as elsewhere, that an optional contract based upon a valuable consideration does not lack mutuality and that equity will compel a specific performance of such a contract when it has been accepted by the party seeking to enforce it. *Meyer* v. *Jenkins*, 80 Ark. 209; *Indiana & Ark. Lumber & Mfg. Co.* v. *Pharr*, 82 Ark. 573; *Mier et al.* v. *Hadden* (Mich.), 12 A. & E. Ann. Cas., p. 88 and note; *Cummins* v. *Beavers* (Va.), 106 Am. St. Rep. 881 and note.

In the present case the contract does not contain any description whatever of the property. It is true that it has often been judicially declared that the main office of the description in a deed is not to identify the land conveyed, but to furnish means of identification. In the application of this rule, when there is a general designation of the property intended to be conveyed, parol evidence is competent to show what the proper description covers. For example: One person conveys to another his home farm. To identify the land, resort may be had to extrinsic evidence, to show what was meant by the home farm. Parol evidence has always been admitted to give effect to a written instrument, by applying it to its subject matter. *Dorr* v. *School District No.* 26, 40 Ark. 237. In the present case, however, the written instrument does not contain any description of the land intended to be conveyed. The location of the land would have to be wholly ascertained by parol evidence. The written contract furnishes no data whatever, and there is nothing in it to be aided by the introduction of extrinsic evidence. In other words, before a court of equity is justified in requiring the specific performance of a contract to convey land, the property must be accurately described; the contract must

disclose a description which is in itself definite and certain, or one which is capable of being made certain by other proof, the contract itself furnishing the key by which the property may be identified. *Fordyce Lumber Co.* v. *Wallace,* 85 Ark. 1.

It has been held by this court that delivery of possession of land to the vendee under a parol contract of purchase takes the case out of the operation of the statute of frauds; and that possession alone is sufficient part performance of an oral contract for the sale of land to sustain a decree for a specific performance. But possession alone, in order to be sufficient, must be taken pursuant to the contract. Where the alleged purchaser is already in possession as tenant, and merely continues in possession after making the contract, that alone is not sufficient to take the case out of the operation of the statute. *Phillips* v. *Jones,* 79 Ark. 100, and *Moore* v. *Gordon,* 44 Ark. 334. In the instant case Tucker was the tenant of Ashcraft and merely continued in possession of the land after making the oral contract for the purchase of it. Under the authorities just cited, this was not sufficient part performance to warrant specific performance.

It is also contended that Tucker made valuable improvements on the land which constituted such part performance as took the case out of the statute of frauds. According to the testimony introduced by the plaintiff he cleared between two and three acres of the land and dug some ditches and the improvements thus made by him were worth forty or fifty dollars.

According to the testimony introduced by the defendant, the plaintiff did not clear any land and did not dig any ditches. Bushes had begun to grow up on the land on account of lack of proper cultivation and he only cut these off in order to make the land easier to cultivate. He chopped off two or three acres of the land in this way, but it was done in different portions of the field. He only cleared out the ditches as he had been accustomed to do every year during the period of his tenancy. Even according to the testimony of the plaintiff, the improve-

ments made by him were not of that valuable and substantial character that would render it inequitable to refuse him the relief prayed for in his complaint. *Young* v. *Crawford,* 82 Ark. 33.

It follows that the decree will be reversed and the cause will be remanded with directions to the chancellor to dismiss the complaint of the plaintiff for want of equity.