NEWTON *v.* MATHIS.

Opinion delivered October 20, 1919.

1. APPEAL AND ERROR—INSTRUCTIONS NOT IN BILL OF EXCEPTIONS.— Where the bill of exceptions does not set out the instructions, it will be conclusively presumed that the law was correctly declared.

2. LEASE—ABANDONMENT.—A mere quarrel between a landlord and tenant about the location of a fence will not justify a breach of the contract of lease by the lessee.

3. CONTRACT—BREACH—JURISDICTION OF JUSTICE.—A justice has jurisdiction in an action for a breach of contract of lease though the amount sued for exceeds $100.

4. STATUTE OF FRAUDS—VERBAL CONTRACT OF LEASE—PART PERFORMANCE.—The substantial part performance of a verbal lease contract, by the construction of a barn and the clearing of land, takes the lease out of the operation of the statute of frauds.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; reversed.

*Jesse Reynolds,* for appellant.

1. This is a suit for conversion or damages of personal property in the sum of $300, and the justice had no jurisdiction. Kirby's Digest, § 4552.

2. The lease was verbal and not to be performed within a year, and hence within the statute of frauds. Kirby's Digest, § 3654; 48 Ark. 485; 46 *Id.* 80; 65 *Id.*

604; *Carnahan* v. *Terrall,* 137 Ark. 407. In determining whether a contract comes within the statute, courts are to be governed by the language and intention of the parties as to the time of performance. 54 Ark. 199; 93 *Id.* 3. Appellee occupied the land and worked it for two years without paying any rent and the rents and profits far exceeded the value of the improvements he placed on the land, and a court of equity would not grant specific performance of the contract. 82 Ark. 33; 116 *Id.* 461; 125 *Id.* 393.

SMITH, J. Appellee recovered damages on account of an alleged breach of a contract of lease. He testified that he leased from appellant a forty-acre tract of land, of which only a small portion was in cultivation, and that by his contract he had the privilege of clearing as much land in any year as he pleased, and that he was to have free of rent any land so cleared for a period of three years from the date of the clearing. He cleared eight acres the first year and six the next and built a barn which appellant had agreed to build. A controversy arose over the location of a fence which appellee desired to build around a pond of water. Appellant insisted that the pond was not on his land, but on land belonging to his father, and refused appellee permission to build the fence he desired to build, whereupon appellee left the farm.

(1-2) The bill of exceptions does not set out the instructions, and it will, therefore, be conclusively presumed that the law was correctly declared. The testimony is set out, however, and shows no reason why appellee should have abandoned his lease and left the premises except that he had a quarrel with appellant about the location of the fence, and that was not a sufficient reason to justify his abandonment of the contract and treating it as breached by appellant.

As the cause will have to be remanded for a new trial, for the reason that no breach of the contract by appellant was shown, we dispose of the questions of law discussed

in appellant's brief, there being no brief filed in appellee's behalf.

(3) It is first insisted that the action is for damage to personal property, and as the sum claimed and the judgment recovered exceeds $100 the justice had no jurisdiction. This contention can not be sustained; the suit is not one for damage to personal property but for an alleged breach of contract.

(4) The second point is that the lease contract was a verbal one and that as it was not to be performed within a year from its date it was within the statute of frauds. It is true the contract was a verbal one, but there had been a very substantial part performance of it by the construction of the barn and by clearing land, this testimony having been accepted by the jury, as is evidenced by the verdict, and this part performance took the contract for the lease out of the statute of frauds. *Storthz v. Watts,* 125 Ark. 393.

For the error indicated the judgment is reversed and the cause remanded for a new trial.