RUGEN *v.* VAUGHAN.

Opinion delivered February 9, 1920.

1. FRAUDS, STATUTE OF—PART PERFORMANCE.—Continuance in possession of land by a lessee after an oral purchase is insufficient to take the contract out of the statute.

2. SPECIFIC PERFORMANCE—PART PERFORMANCE.—Payment of a small part of the purchase money of land and making permanent improvements, as by clearing the land and finishing a house, in value equal to a fourth of the purchase price, is sufficient ground for specific performance of an oral contract for purchase of land.

Appeal from Sevier Chancery Court; *James D. Shaver,* Chancellor; affirmed.

STATEMENT OF FACTS.

On the 17th day of March, 1919, Wes Vaughan brought this suit in equity against A. F. Rugen and John Turner for the specific performance of an oral contract for the sale of 40 acres of land.

According to the testimony of Wes Vaughan, the contract of sale was made in October, 1917. The contract was an oral one, and under it Vaughan agreed to pay Rugen $500 for the land, $20 of which was to be paid in cash; $200 to be paid on the 1st day of January, 1918,

and the balance was to be on deferred payments. Vaughan had lived on the place for about three years as a tenant of Rugen before he made the contract to purchase the land. He continued to reside on the land after he purchased it and cleared and put in cultivation about seven acres of ground. It was worth about $15 per acre to do this. Vaughan also finished building a house which Rugen had started while Vaughan was his tenant. Vaughan also cut down some trees and split a lot of rails. All these improvements were made by Vaughan because he had purchased the land. Vaughan also testified that Rugen agreed to furnish him an abstract showing that he had a clear title to the land. Vaughan made arrangement with J. B. Sturdivant to lend him the money with which to pay off the land. Vaughan's son and another witness corroborated his testimony as to the contract for the purchase of the land.

J. B. Sturdivant was a witness for the plaintiff and testified that he agreed to lend Vaughan the money with which to pay off the land provided Rugen furnished an abstract showing a clear title to the land. In the chain of title there was a deed to A. F. Rugen from his brother whose wife did not release her dower in the land. It was also shown that there was a mortgage lien of $1,500 on the land. Rugen never did bring the abstract down to date by showing the release of dower as above stated and the release of the mortgage lien on the land. On the 6th of May, 1919, Vaughan brought into court and offered to the defendant, Rugen, the amount of purchase money due on the land and interest to the date of the tender. Rugen refused to accept the same.

According to the testimony of the defendant, A. F. Rugen, he made an oral contract with Vaughan to sell him the land in question on the terms stated above. Rugen said that Wes was to pay $20 cash and $200 the 1st of the year 1918. He was then to have a bond for title. He denied that he agreed to furnish an abstract showing a clear title to the land, but stated that he did have a clear title to the land. He also said that he sent a deed

to his brother and had his wife to relinquish her dower in the land and then executed and tendered to Sturdivant a warranty deed to the land. It was the understanding that the deed was to be made to Sturdivant, and that he would hold the title to the land until Vaughan paid him the purchase money. In August, 1918, Rugen sold the land to John Turner. Rugen, Turner, and another witness all testified that Vaughan did not clear more than two or three acres after he purchased the land from Rugen.

Another witness for the defendant testified that Vaughan cleared six or seven acres after he purchased the land from Rugen. The record shows that the abstract of title was not completed so as to show relinquishment of dower by the wife of Rugen's brother. It was also shown that John Turner knew of the rights of the plaintiff in said land at the time he purchased it from Rugen.

The court found the issues in favor of the plaintiff and a decree was entered accordingly. The defendants have appealed.

*W. C. Rodgers,* for appellants.

1. The burden was on appellee to establish that he was entitled to a decree, and he has failed. This was a parol contract for the sale of land and void under our statute of frauds unless the possession taken was sufficient to take it out of the statute. Possession previously taken is not sufficient, but it must be taken *in pursuance of the contract.* 44 Ark. 334-339; 206 S. W. 896-8; 1 Ark. 391; 103 Iowa 512, 612; 1 Sugden on Vendors, p. 228; 20 Cyc. 316.

2. No tender of the purchase money was ever made. 85 Ark. 246-250; 92 *Id.* 460; 106 *Id.* 310-315.

3. Practically all the evidence offered by the plaintiff was irrelevant and incompetent. This court will disregard all such testimony. 76 Ark. 153-6; 78 *Id.* 111-116; 92 S. W. 1162; 92 Ark. 315, 320; 99 *Id.* 218-225; 127 Ark. 186-202; 132 *Id.* 402-411; 213 S. W. 758-9. Whatever im-

provements were made were made before any of the purchase money was paid and before the deed was corrected and the abstract brought down to date. Equity does not tolerate *mala fides*.

*W. P. Feazel,* for appellee.

Part payment of the purchase money and the substantial improvements made by appellee take this case out of the statute of frauds, and the chancellor properly granted relief. 76 Ark. 363; 79 *Id.* 100; 44 *Id.* 335; 102 *Id.* 378; 18 L. R. A. (N. S.) 337 and note. The tender was sufficient, as it contained all interest due up to the date and all the principal due, and the decree is just.

HART, J. (after stating the facts). The decree of the chancellor was correct. That one who is already in possession of land as tenant and continues such possession after the making of a parol contract for the purchase thereof from his landlord does not thereby take the contract out of the statute of frauds. This court has held that possession to have the effect to take the case out of the statute must be exclusive, evincing the birth of a new estate, and distinguished from the continuation of an old one; and must not be referable to an antecedent right. *McNeil* v. *Jones,* 21 Ark. 277; *Haines* v. *McGlone et al.,* 44 Ark. 79; *Moore* v. *Gordon,* 44 Ark. 334, and *Ashcraft* v. *Tucker,* 136 Ark. 447, and cases cited. These authorities also support the rule that an independent ground for specific performance for a parol contract for the purchase of land is that the purchaser has made permanent and valuable improvements under claim of ownership of the land. According to this test Vaughan was entitled to a decree of specific performance. According to his own testimony and that of one of the witnesses for the defendants, he cleared seven acres of land which was worth $15 per acre. He also, as he expressed it, finished building a house which had been started by Rugen during the period of his tenancy.

Another witness testified that the work Vaughan did on the house was to cover it.

Rugen testified himself that Vaughan did some work on the house. He, also, paid $20 of the purchase money at the time the contract was made. The contract price of the land was $500. The value of the improvements and the part of the purchase money paid amounted to at least $125. These improvements were permanent in their nature, and it can not be said that they were of so little value as to be considered as compensated for by the temporary enjoyment of the land. The evidence shows that Turner lived in the neighborhood and knew of Vaughan's claim to the land at the time he purchased it from Rugen.

The chancellor found the issues in favor of the plaintiff. Under the circumstances we think that the part payment of the purchase money and the improvements made by the purchaser were of a permanent nature and of such a substantial character, when compared with the value of the land, that it would be inadequate to refuse the plaintiff the relief prayed for in his complaint.

It follows that the decree must be affirmed.