JOHNSON *v.* CHEEK.

## Opinion delivered March 10, 1924.

1. APPEAL AND ERROR—VERDICT FOR PLAINTIFF—INFERENCE.—Where there was a conflict in the evidence as to whether defendant was the plaintiff's tenant as claimed by plaintiff, or was the agent of plaintiff in collecting the rent, from a finding for plaintiff on conflicting testimony it will be assumed that the jury found that the relation of landlord and tenant existed.

2. LANDLORD AND TENANT—ESTOPPEL.—Where a tenant's possession was undisturbed, and was referable to the tenancy, he could not defeat an action for rent by showing that his landlord did not own the property.

3. FRAUDS, STATUTE OF—CONTRACT PERFORMABLE WITHIN ONE YEAR. —A contract for the lease of a house until the timber could be removed from land was not within the statute, where it does not appear that the timber could not be removed within one year.

4. FRAUDS, STATUTE OF—CONTRACTS FULLY EXECUTED.—Where a contract has been fully executed at the time suit is brought, the statute of frauds has no application.

5. APPEAL AND ERROR—HARMLESS ERROR.—Appellant cannot complain of an instruction, the error of which was in her favor.

Appeal from Hot Spring Circuit Court; *T. E. Toler,* Judge; affirmed.

*H. B. Means,* for appellant.

It was error to refuse to give instruction No. 1, requested by the plaintiff. Having alienated all rights she had to the homestead by warranty deed, she had no more right to maintain an action for rent of the place than any other stranger would have had. Tiedeman, Real Property, § 163; Waples on Homestead and Exemption, 484; 28 Ark. 286; 53 Ark. 109. The doctrine of estoppel would preclude her from any claim to the house and land, so long as her deed was not set aside by some court. 14 L. R. A. (N. S.) 515, note; L. R. A. 1915A, 201; *Id.* 1917D, 230; 92 Ark. 316; 79 Ark. 111; 62 Ark. 57; 80 Ark. 8.

*D. D. Glover* and *D. M. Halbert,* for appellee.

Appellant's counsel has proceeded on the theory that he could try the title of plaintiff to the house and lot,

in the justice of the peace court, or in the circuit court on appeal. That he could not do. C. & M. Digest, § 6399; art. 7, § 40, Constitution; 31 Ark. 222; 36 Ark. 561; 38 Ark. 200; 94 Ark. 276; 95 Ark. 43; 98 Ark. 495; 106 Ark. 74.

SMITH, J. This suit originated in the court of a justice of the peace, where appellee filed a complaint in which she alleged that, on or about February 26, 1920, she had rented appellant a house for $5 per month, and that appellant had occupied it for two years, and owed a balance of $90 rent, for which she prayed judgment.

Appellant filed an answer in which he denied that he had ever rented the place or had occupied it. He alleged the fact to be that, at appellee's request, he found a tenant for her, who was placed in possession, and from whom he collected the rent during the time of his possession, and that he paid appellee the rent so collected.

The statement of the pleadings presents the principal issue in the case, which is, of course, one of fact, and appellant's defense was submitted in an instruction which told the jury, if they found from the evidence that appellant was only acting as agent for appellee, and paid over to her all rent collected, to find for him.

The testimony is sharply conflicting on this issue, and was ample to support a finding either way, but, inasmuch as there was a verdict for appellee—the plaintiff— we must assume that the jury accepted as true the testimony tending to show that appellant himself became appellee's tenant and that the relation of landlord and tenant was thereby created.

Testimony was admitted tending, on the one hand, to show that, prior to February 26, 1920, appellee had conveyed the land on which the house stood to her brother-in-law, and, on the other hand, that the deed was intended only to effect a family settlement whereby the estate of her first husband's father was divided, but was not intended to convey the title to the house.

After admitting this testimony, the court refused to give, at appellant's request, an instruction numbered 1,

reading as follows: "The court instructs the jury that, if you find from the evidence in this case that the plaintiff, prior to February 26, 1920, deeded all her rights, title and interest in the tract of land upon which the house in question is located to John ¡Wallace; and in said deed released her dower and homestead, she would have no recoverable interest in said house, and your verdict will be for the defendant."

There was no testimony that appellant was ousted from his possession; on the contrary, he voluntarily abandoned the possession. This being true, the instruction was properly refused. If his possession was undisturbed, and was referable to his tenancy—and the jury so found—then he could not defeat the suit for rent by showing that his landlord did not own the property.

Appellee sold appellant the timber on an eighty-acre tract of land, and her testimony was to the effect that appellant stated to her that he desired the use of the house for employees who would be engaged in removing the timber, and that he rented the house for the time required for that purpose, which he estimated at six months. Other witnesses who testified in appellee's behalf stated that they had heard appellant say he had rented the house for two years. As has been said, appellant denied that he had rented the house at all, but he asked the court to give an instruction numbered 2, reading as follows: "You are instructed that, if you believe from the evidence that the plaintiff rented the house in question to the defendant for five dollars per month, for a period of two years, and that such agreement, or some memorandum thereof, was not in writing and signed by the party to be charged with the rent, such agreement would be void, and you should find for the defendant."

An exception was saved to the refusal to give this instruction; but no error was committed in refusing to give it. According to appellee, the contract sued on was one for the use of the house until the timber could be removed, which, she was told at the time, would require six months. It would have been immaterial, however,

that more than one year might have been required for that purpose, as the contract was one which might have been performed within one year. In order to bring such a contract within the operation of the statute of frauds. it must appear, from the terms thereof, that it was not to be performed within one year. *Sullivan* v. *Winters,* 91 Ark. 149; *Railway Co.* v. *Whitley,* 54 Ark. 199; *Sweet* v. *Desha Lbr. Co.,* 56 Ark. 597.

Moreover, this contract had been fully executed when the suit was brought, and for that reason the statute of frauds would have no application. *Meyer* v. *Roberts,* 46 Ark. 80.

It is finally insisted that the court erred in giving, over appellant's objection, an instruction numbered 1, reading as follows: "You are instructed that, if you find from the evidence that the plaintiff was acting within her rights in entering into a contract to lease the said lands to the defendant in the sum of $5 per month so long as defendant's mill was located near said property, you are instructed to find for the plaintiff whatever sum is due her, if any, less the sum of $30 already paid her."

This instruction apparently submitted to the jury the question whether appellee had the right to rent the house, having previously executed a deed thereto. The error in this instruction is in appellant's favor. If he in fact rented the house from appellee, and occupied it without being ousted before he saw fit to voluntarily vacate it, he should pay the rent thereon, as he could not defeat his liability therefor by showing that his landlord did not have the title.

No error appears, so the judgment will be affirmed.