LYNN *v.* MARTIN.

## Opinion delivered November 17, 1924.

1. EVIDENCE—DECLARATION OF DONOR.—In a suit, by a surviving husband to quiet his title to land alleged to have been orally given to him by his deceased wife, evidence of statements made by the wife with reference to his title, made in his absence but while she was residing on the land, *held* admissible.

2. FRAUDS, STATUTE OF—PAROL GIFT OF LAND—PART PERFORMANCE.— A parol gift of land will not be enforced unless followed by possession and valuable improvements made by the donee, or unless there are some very special facts which would render the failure to complete the donation peculiarly inequitable and unjust.

3. FRAUDS, STATUTE OF—PAROL GIFT—EXCLUSIVENESS OF POSSESSION. —Possession, to take a parol gift out of the statute, must be exclusive, evincing the birth of a new estate, as distinguished from the continuation of an old one, and must not be referable to an antecedent right.

4. FRAUDS, STATUTE OF—POSSESSION OF HUSBAND NOT EXCLUSIVE WHERE.—A husband, moving on land with his wife and occupying it with her until her death, obtained no estate therein by parol gift from her, his possession not being exclusive.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy,* Chancellor; reversed in part.

*Smead & Meek, Powell & Smead,* and *C. L. Johnson,* for appellants.

The statute of fraud is not applicable. The allegation that at the time the parol gift was made appellant and his wife were in possession of the land, living thereon as husband and wife, is not borne out by the undisputed testimony. On the contrary, the testimony shows that the two essentials, necessary to enforce a parol gift of land, viz., possession and the placing of valuable and substantial improvements thereon by the donee, are present, and bring this case within the rule laid down in *Young* v. *Crawford,* 82 Ark. 33. See also 135 Ark. 9; 15 Ark. 628. Declarations against interest are admissible against all who succeed to the declarant's interest, or who claim under him. 150 Ark. 55; 103 Ark. 183; 93 Ark. 190. Declarations of a donor against the title of

the donee, made in his absence, are not admissible in evidence to defeat title of the donee. 11 Ark. 249; 96 Ark. 589.

*J. W. Warren* and *Gaughan & Sifford,* for appellee.

In the absence of any writing evidencing a transfer of land, or an interest in land, the evidence required must be most conclusive. This is particularly true of a parol gift, and especially so of a gift by a wife to a husband. Such transfers are scrutinized by the courts with great care, and enforced with reluctance. 170 S. W. 1024 (Ark.); 95 Ark. 523; 116 Ark. 142. The evidence should be of equal quality with that required to establish a resulting trust (104 Ark. 311); or in the case of reformation of a deed. Bishop on Contracts, par. 708; 71 Ark. 614; 79 Ark. 262; 81 Ark. 425; 91 Ark. 162; 94 Ark. 200; 17 Cyc. 771, 778, ''Evidence.'' The fact that appellant took possession with his wife cannot be construed as a corroborating circumstance, such action being the reasonable and natural thing to do, without reference to any gift of land. And, as to the making of improvements, the presumption is that improvements placed by a husband on his wife's lands are for her benefit, and intended as a gift to her. 86 Ark. 448, 451; 104 Ark. 311. The grant was void under the statute of frauds. The joint possession of husband and wife, living together as such, is not such possession on the part of the husband as to take the case out of the statute. Such possession is not exclusive nor does it evince the birth of a new estate. 136 Ark. 326; 142 Ark. 176, 179; 82 Ark. 33. Until a contract or agreement for the sale or gift of lands is proved, proof of the placing of improvements thereon will not take the case out of the statute of frauds. 137 Ark. 464.

HUMPHREYS, J. This suit was brought in the second division of the chancery court of Ouachita County by appellant against appellee to quiet and confirm title to 200 acres of land in said county in himself. He alleged that he acquired title to said land by oral gift from his

wife, Lula Lynn, who was appellee's sister; that he immediately entered into possession thereof and had made valuable improvements thereon; that Lula Lynn died in the year 1921, and that appellee was claiming title to said tract of land by inheritance from his wife.

Appellee filed an answer denying that her sister had made an oral gift and put appellant in possession of the land in her lifetime, and that pursuant thereto he had made valuable improvements thereon. She alleged that her sister died intestate, leaving appellee as her sole and only heir, and, by way of further defense to the alleged oral gift, pleaded the statute of frauds in bar of appellant's alleged cause of action.

Appellee also filed a cross-bill as administratrix of the estate of her deceased sister, claiming rents upon the land for the year 1922 and thereafter.

The cause was submitted to the court upon the pleadings and testimony adduced by the parties, which resulted in a finding that Lula Lynn, in her lifetime, gave the lands to appellant for and during his life, and a decree dismissing the bill of appellant and the cross-bill of appellee.

From the finding and decree both appellant and appellee have prosecuted an appeal to this court.

In determining the issues presented by this appeal it will not be necessary to set out the testimony at length. A summary thereof will suffice.

Some time prior to 1915, the father of appellee and appellant's wife, John Dunlap, died, leaving his widow, Clara Dunlap, and his two daughters, Lula Lynn and Cora Martin, surviving him, who were the legatees in his will. He devised his home place, consisting of about 600 acres of land, to his two daughters, subject to a life estate therein to their mother, Clara Dunlap. Appellant and his wife moved to the Dunlap homestead for the purpose of taking care of Clara Dunlap. Appellant assumed the management of the place, and appropriated the income to the use of himself and family. Mrs. Dunlap subsequently died, and the farm was divided in kind

between Lula Lynn and appellee.  In the division appel-
lee got the house and Lula Lynn 360 acres on the west
end of the tract.  Immediately thereafter Cora Martin
moved into the old home, and appellant rented the Carter
place, near by, until he could build a house on the lands
awarded to his wife.  They were in debt, and borrowed
$500 on 160 acres of the land, which was used to pay the
debts and conduct the farm.  Appellant took charge and
managed the land assigned to his wife just as he had done
before the division.  He testified that, while living on
the Carter place, his wife gave him the 200-acre tract with
the understanding that he would improve and reside upon
it, retaining for herself the other 160 acres; that he
bought a house for $100, moved it in sections, and put it
up on the 200-acre tract which his wife had given him,
and, when it had been completed, he and his wife moved
to and resided upon the farm; that, during the time they
resided upon it, he expended about $900 in making per-
manent improvements thereon.  In the management of
the farm appellant appropriated the income from the
360-acre tract to the use of himself and family, render-
ing no separate account to his wife for the income off of
the 160-acre tract.  Later on they mortgaged the 160-
acre tract to the Federal Land Bank for $1,250, out of
which they paid the $500 mortgage.  The balance of the
money was used by appellant in conducting the farm and
in making the necessary repairs and improvements
thereon.  The 360-acre tract remained upon the taxbooks
in the name of Lula Lynn, and the taxes were paid by
appellant in her name, out of the income from the farm.
Appellant testified that he never asked his wife for a
deed to the 200-acre tract because he felt a delicacy in
doing so.

A number of witnesses testified to diverse state-
ments concerning the land made by Lula Lynn to them
during the time she and appellant resided upon the farm.
Some of them testified that she said she intended to will
appellant a life estate in the tract, others that she had
given him a life estate therein, and still others that she

had given the land outright to him. Objection was made by appellant to the introduction of statements made by her in his absence reflecting upon his title. We think the evidence was properly admitted, as she was residing upon the land at the time she made the statements. We shall refrain from analyzing this testimony, because, in our opinion, the plea of the statute of frauds is applicable and controlling in this case.

The record reflects that appellant and his wife moved upon the 200-acre tract as soon as the house was ready for occupancy. They moved there at the same time and occupied the premises as husband and wife until her death. It was a joint possession of husband and wife, and not an exclusive possession by appellant. In the case of *Young* v. *Crawford,* 82 Ark. 33, this court adopted the following rule with reference to the sufficiency of a parol gift of lands, announced by Prof. Pomeroy in his work on Specific Performance of Contracts (2d ed.) § 130: "A parol gift of land will not be enforced unless followed by possession and valuable improvements made by the donee, or unless there are some very special facts which would render the failure to complete the donation peculiarly inequitable and unjust."

The possession referred to in this rule means an exclusive possession, for it was said, in the case of *Rugen* v. *Vaughan,* 142 Ark. 176, that "the court has held that possession, to have the effect to take the case out of the statute, must be exclusive, evincing the birth of a new estate, and distinguished from the continuation of an old one; and must not be referable to an antecedent right."

In view of this well settled principle of law, the court erred in finding that appellant had obtained a life estate in the 200-acre tract of land by parol gift from his wife and in dismissing appellee's cross-bill for an accounting of rents and profits, after appellee made a demand for the possession of the land. It is not disclosed just when this demand was made. The court properly dismissed appellant's bill to quiet his title, and

to that extent the decree is affirmed. In all other respects the decree is reversed, and the cause remanded with directions to quiet the title to the 200 acres in appellee and to place her in possession thereof. Also to ascertain the rental value of the tract after appellee demanded possession of the land from appellant, or, if she did not demand possession, from the date of the institution of this suit to date, and to render a personal judgment against appellant for the amount.