Mitchell v. Hanley.

Opinion delivered June 14, 1926.

1. FRAUDS, STATUTE OF—AGREEMENTS NOT TO BE PERFORMED WITHIN YEAR.—The statute of frauds applies to those agreements only which appear from their terms to be incapable of performance within a year, or such as the parties never contemplated should be performed within that time.

2. FRAUDS—STATUTE OF—PART PERFORMANCE.—Partial performance of an oral contract within the statute of frauds has no effect at law to take the case out of the provisions of the law.

3. FRAUDS, STATUTE OF—ORAL CONTRACT—PART PERFORMANCE.— Where defendant had a contract for a specified consideration to carry the United States mail between certain towns for a period of four years, and, before expiration thereof, plaintiff, for an additional consideration, verbally agreed to execute defendant's contract for the remaining period of 21 months, and accordingly took a subcontract from the United States, the collateral agreement between plaintiff and defendant was within the statute of frauds, and the fact that plaintiff fully performed the subcontract did not take such collateral agreement out of the statute.

Appeal from Baxter Circuit Court; *Jewell Black,* Special Judge; reversed.

STATEMENT BY THE COURT.

John Hanley instituted this action in the circuit court against L. A. Mitchell to recover $345.69 for a balance due for breach of contract.

According to the allegations of the complaint, the defendant entered into a written contract with the United States to carry the mail from Zion to Melbourne, in Izard

County, Arkansas, six times per week, beginning on the first of July, 1918, and ending on June 30, 1922.

On the 30th day of September, 1920, the defendant entered into an oral contract with the plaintiff whereby the plaintiff agreed to take over said contract for carrying the mail, and entered into a subcontract with the United States to carry out the provisions of the defendant's contract with the United States from September 30, 1920, to June 30, 1922, in consideration that the defendant would pay the plaintiff the sum of $38.41 per month in addition to the amount to be paid by the United States. The plaintiff entered into a subcontract with the United States for carrying the mail under said contract, which is exhibited with the complaint.

The plaintiff has fully complied with the terms of his oral contract with the defendant. The defendant paid him the sum of $38.41 per month from September 30, 1920, until October 1, 1921, but has failed and refused to pay him the amount due from the first day of October, 1921, to June 30, 1922.

The defendant Mitchell filed a plea to the complaint in which he alleged that the oral contract, which is the basis of this action, not being a contract to be performed within a year from the date of its execution, is void under the statute of frauds.

His plea was overruled, and the defendant elected to stand upon his demurrer. Whereupon the court found from the original complaint, which has been duly verified, that the plaintiff was entitled to judgment for the amount sued for, and judgment was rendered accordingly.

To reverse that judgment the defendant Mitchell has duly prosecuted an appeal to this court.

*W. M. Dyer* and *John L. Bledsoe,* for appellant.

*S. M. Bone,* for appellee.

HART, J., (after stating the facts). The judgment of the circuit court was wrong. In the very nature of things the contract between the plaintiff and the defendant could not be performed within a year, and was void

within the sixth subdivision of § 4862 of Crawford & Moses' Digest, which provides, in effect, that no action shall be brought to charge any person upon any promise, contract, or agreement that is not to be performed within one year from the making thereof, unless the same is in writing and signed by the party to be charged therewith.

This court has held that the statute applies only to agreements which appear from their terms to be incapable of performance within a year, or such as the parties never contemplated should be performed within that time. *Johnson* v. *Cheek*, 163 Ark. 176, and *Reed Oil Co.* v. *Cain*, 169 Ark. 309, and cases cited.

It is true that there was partial performance of the oral contract sued on, but this court has held that partial execution has no effect at law to take any case out of the provisions of the statute. *Henry* v. *Wells*, 48 Ark. 485.

Again, in Oak Leaf Mill Co. v. Cooper, 103 Ark. 79, it was held that a parol contract for personal services for a period longer than one year is within the statute of frauds, and no action can be maintained on it; and if the employee enter upon its performance and is afterwards discharged, the employer is liable only for his wages for the time he served.

But it is sought to uphold the judgment under the rule announced in *Johnson* v. *Cheek*, 163 Ark. 176, that the contract had been fully executed when the suit was brought, and for that reason the statute of frauds would have no application. In making this contention, counsel rely upon the allegations in the complaint to the effect that the plaintiff entered into a subcontract with the United States whereby he took over the defendant's contract with the United States for carrying the mail between Zion and Melbourne, in Izard County, Arkansas, from September 30, 1920, until June 30, 1922, and has fully performed said contract.

This the plaintiff was required to do under the subcontract for mail service executed by him with the United States on the 30th day of September, 1920. He received

the compensation from the United States provided for in said subcontract, and claims that he is entitled to receive the additional compensation from the defendant of $38.41 per month because he has fully executed his subcontract with the United States.

His claim for the additional compensation is based upon the oral contract which he made with the defendant on the 30th day of September, 1920. This contract, however, was not a part of the subcontract with the United States. The oral contract between the plaintiff and the defendant whereby the defendant agreed to pay the plaintiff the additional sum of $38.41 per month during the remainder of the term of his contract for carrying the mail was a collateral benefit to be conferred, and constituted no part of the subcontract with the United States for carrying the mail. Hence the fact that the plaintiff has fully performed the subcontract with the United States according to its terms does not take the case out of the statute of frauds. The policy of the statute is to prevent frauds which may be accomplished by setting up contracts of the prohibited class by parol testimony.

The plaintiff was bound to perform the contract of carrying the mail with the United States according to its terms and for the compensation named therein. The performance of that contract in full could in no sense take out of the statute of frauds a collateral agreement between the plaintiff and defendant.

The result of our views is that the circuit court erred in not sustaining the plea of the statute of frauds; and for that error the judgment must be reversed, and the cause remanded for further proceedings according to law and not inconsistent with this opinion.