Williams *v.* Dumas.

4-5377                                       126 S. W. 2d 934

Opinion delivered March 13, 1939.

*T. O. Abbott,* for appellant.

*Robert C. Knox, N. A. Cox* and *C. E. Wright,* for appellee.

McHaney, J.   This is a suit by appellant, a negro, against appellee Dumas, to compel specific performance of a contract partly in writing and partly in parol to con-

vey nine acres of land in a square in the NE corner of the S½ SW SW, Sec. 23-18-17, Union County, and against both appellees to cancel an oil and gas lease on said nine acres, executed by Dumas to Harrison on June 12, 1937.

Appellant acquired the title to said land on October 22, 1922, and has been in the actual possession thereof from that date to the present time. On April 5, 1927, he and his wife executed and delivered to Dumas a deed of trust thereon to secure a note of $130. This indebtedness not having been paid, said deed of trust was foreclosed, the land ordered sold, and, on November 16, 1931, Dumas became the purchaser on a bid of $60 and costs, receiving a commissioner's deed thereto, which was not filed for record until March 24, 1937, five days after the discovery oil well came in in that vicinity.

On April 22, 1932, within the period of redemption from the foreclosure sale (right of redemption not being waived in the deed of trust), appellant entered into a contract with Dumas for the repurchase of said nine-acre tract for the sum of $150, paying in cash $35 of the purchase price, and receiving from Dumas the following writing: "4-22-1932, Received of Elbert Williams $35 on land. Deed to be *maid* later. F. L. Dumas." In addition to the foregoing, appellant alleged that no definite time was fixed or agreed upon between them of the payment of the balance of the purchase money, but that same was to be paid in installments in a reasonable time; that he had at all times been in the exclusive possession thereof, as owner, and had exercised all the rights of ownership and dominion over same since the date of his repurchase on April 22, 1932; and that he had no information that Dumas claimed any interest therein, other than a vendor's lien to secure the balance of the purchase money of $115 and interest thereon at 10 per cent., until shortly before this suit was filed. He tendered into court a sum sufficient to cover the balance due, including principal, interest and taxes paid by Dumas.

Appellee Dumas answered, admitting the deed of trust, its foreclosure, the commissioner's deed to him, the oil and gas lease by him to appellee Harrison, and deny-

ing all other material allegations. He also interposed a plea of the Statute of Frauds in bar of the action and a plea of laches in bar of a recovery. Harrison adopted the answer of Dumas. Trial resulted in a decree dismissing appellant's complaint for want of equity.

The fundamental facts are not in dispute. Appellant has owned the land since 1922 and has at all times been in the exclusive possession thereof. He became indebted to Dumas and in 1927 executed a deed of trust to him to secure same. The land was sold to Dumas in the foreclosure sale in 1931, but appellant continued in possession under his equity of redemption which was not foreclosed. In April, 1932, he contracted with Dumas to repurchase for $150, the contract being partly in writing and partly oral, and actually paid $35 in cash, nearly one-fourth of the purchase price, and thereafter continued in possession under said contract. After said date, he cleared about two and one-half acres of new ground; built a two-room dwelling house, fourteen by twenty feet, with a porch in front, out of number two lumber; built a barn and a shed; constructed some picket, wire and rail fences; and otherwise exercised acts of ownership over said land, such as receiving check from the government under the AAA and under the soil conservation act, signing up each time as the owner to the knowledge of Dumas, he thinks. The value of these improvements is in dispute, but it cannot be said they are not of substantial value. They were made after the repurchase and up to and including 1934. In 1935, Dumas, as appellant says, told him to pay the taxes and that he attempted to do so, but found the land delinquent, and was advised by the clerk that it had forfeited in Dumas' name and that only Dumas could redeem it. So it will be seen that appellant was at all times in possession as the owner, up to the foreclosure sale as owner-mortgagor; from that time to April 22, 1932, as owner of the equity of redemption; and from the latter date as owner under a contract of purchase for $150 with $35 of that amount paid. He was never in possession as tenant of Dumas. The written memorandum copied above is something

more than a mere receipt for $35 paid on land, which both parties agree refers to the land in controversy, and is a promise on Dumas' part to convey the land to appellant by a deed to be thereafter made. Had it described the land and stated the balance of the consideration to be paid, the written instrument alone would have been sufficient to support an action for specific performance. No time for payment of the balance being stated, a reasonable time would have been given. Here no time for payment of the balance is stated in the memorandum, and the parties agree that no definite time was fixed orally. Appellant says it was to be paid in installments in a reasonable time along as he could get it, and Dumas says it was to be paid the next year. He declared no forfeiture because of failure to pay the next year, but, on the contrary, as late as 1936, according to his own testimony, he was negotiating with appellant for the payment of the balance of the purchase money.

We are, therefore, of the opinion that the writing taken in connection with the undisputed facts sufficiently establishes the contract, if the evidence relating to it is competent, and that the cases cited by appellees, including *Phillips* v. *Jones,* 103 Ark. 550, 146 S. W. 513, are not controlling to the contrary. In *Rugen* v. *Vaughan,* 142 Ark. 176, 218 S. W. 205, it was held, to quote a headnote, that: "Payment of a small part of the purchase money of land and making permanent improvements, as by clearing the land and finishing a house, in value equal to a fourth of the purchase price, is sufficient ground for specific performance of an oral contract for the purchase of land." See also *Ashcraft* v. *Tucker,* 136 Ark. 447, 206 S. W. 896. It was held in the Rugen Case that continuance in possession of a lessee after an oral contract to purchase is not sufficient to take the contract out of the statute of frauds. Here, appellant did not continue in possession as lessee. He never was a tenant of Dumas, but was in possession at all times as owner. He never paid nor agreed to pay rent. The contract was partly in writing, and his possession, coupled with all the facts and

circumstances heretofore recited certainly makes out a case for specific performance.

But appellees say appellant is barred by the statute of frauds. We cannot agree. Payment of a part of the purchase price, the continued possession of appellant as owner, the written memorandum, the making of permanent and valuable improvements, taken separately or all together constitute such part performance as to take the contract out of the statute. *Phillips* v. *Jones, supra; Ashcraft* v. *Tucker, supra; Rugen* v. *Vaughan, supra; State Bank* v. *Sanders,* 114 Ark. 440, 170 S. W. 86. Moreover, as was said in *Littell* v. *Jones,* 56 Ark. 139, 19 S. W. 497, "So long as the right to defeat the purchase exists [by redemption] agreements to extend the time or modify the conditions for redemption have been held not to come within the statute, for the defendant is in many respects regarded as the owner of the land, and by such agreements purchases nothing, but merely holds what he already has."

Appellee Dumas says he agreed to convey to appellant only the surface rights and to reserve what was left of the right to the oil and gas. In this respect his testimony contradicts the writing and for this reason is incompetent. The writing contemplates a deed to the land, which includes all interest therein, as there was no exception therein.

Nor can we agree with appellees that appellant was guilty of laches sufficient to bar recovery. The facts herein stated refute the allegation.

Appellee Harrison purchased from Dumas with appellant in possession, as owner. This possession was sufficient to put him on notice of appellants' rights. He cannot therefore be held to be an innocent purchaser under his lease from Dumas.

The decree will be reversed and the cause remanded with directions to enter a decree for specific performance and to cancel the lease of Harrison as a cloud on appellant's title. Appellees to pay all costs.