## WHITE v. SOUTHERN KRAFT CORPORATION.

### No. 12223.

Circuit Court of Appeals, Eighth Circuit.

Dec. 26, 1942.

L. W. Bower and L. B. Smead, both of Camden, Ark., for appellant.

J. E. Gaughan, John L. McClellan, and Thomas Gaughan, all of Camden, Ark., for appellee.

Before STONE, SANBORN and RIDDICK, Circuit Judges.

STONE, Circuit Judge.

This is an action by Goodwin White against Southern Kraft Corporation for breach of contract. The contract alleged was for sale and delivery of wood for a five-year term beginning January 1, 1940. Delivery was made and accepted until September 14, 1940, when the company notified White to deliver no more wood. This action resulted. At the close of plaintiff's evidence, a motion for directed verdict was sustained and from the ensuing judgment plaintiff has appealed.

The sole issue presented here is the sufficiency of the evidence to go to the jury. The trial judge placed his determination on lack of mutuality. Appellee urges three separate grounds for upholding the judgment: (1) Failure to prove the contract alleged; (2) lack of mutuality in the contract; and (3) statute of frauds. We think the contract is within the statute of frauds of Arkansas and, therefore, confine our examination to that matter.

The fact situation is as follows: Appellee operated a paper mill at Camden, Arkansas. C. J. Goodwin was in charge of this mill with authority to make contracts for delivery of pulpwood for the manufacture of paper. Such contracts were verbal agreements with various individuals for delivery of specified quantities of wood weekly at stated prices. Those contracts were terminable by either party at will.

About the time the mill was established at Camden, the president of appellee personally furnished money to Goodwin and two others to purchase an automobile service station there, known as "77 Service Station." It was arranged that this station

382

should have such a contract for delivery of wood to the mill in order to make the operation of the station more profitable. Eventually, Goodwin acquired full ownership of the station. Thereafter, he made a written offer of sale thereof to appellant which was accepted in writing and title passed as of January 1, 1940. This offer of sale was as follows:

"11/14/39.

"Dear Goodwin.

"Referring to sale of the 77 Motor properties at Camden, Arkansas, which you mentioned to me, including the real estate and all personal property and including the wood quota from Southern Craft Corporation, belonging to 77 Motor Company and carried in your name, I agree to sell you this for $28,000.00—$10.00 [$10,000.00] cash and the balance on time. The wood quota to continue under the same terms and condition as now for five years from January 1st, 1940, which time the wood quota I agree to give under my authority as agent for Southern Craft Corporation. The wood quota and bulk plant should give you ample income to return the loan. In this way I will get enough money to pay the balance I owe Mr. Cullen on the property. Please let me know about this as soon as possible as I am anxious to know if the matter is definite settled. I would like to close the trade so you can take over January 1st, 1940. Give my regards to the family. I will see you soon.

"Your Uncle,

"C. J. Goodwin."

The prime purpose of this letter was sale of the station. The contract for wood deliveries is an inducement or part consideration offered by the seller. This action is on that contract. All that appears in writing concerning the terms of that contract is: "The wood quota to continue under the same terms and condition as now for five years from January 1st, 1940." The clear meaning of this is that some arrangement for wood is in existence and that the arrangement will be continued for five years. What the arrangement is as to quantities, prices, deliveries and other provisions is in no wise stated. It may be presumed that the parties knew what the arrangement thus referred to was. However, it would take evidence outside of the letter to establish what the arrangement was; in fact, most of the evidence here is devoted to showing what the arrangement was. This evidence reveals that the arrangement was entirely oral. Therefore, the fact situation is that the only writing relied on contains but one term of the wood contract (the five year period) and a bare reference to an existing arrangement the terms of which would have to be shown by evidence and where such evidence reveals such arrangement to be entirely in parol. Does such a writing comply with the requirements of the Arkansas statute of frauds, as construed by the Supreme Court of Arkansas?

■ That statute, Pope's Digest of the Statutes of Arkansas, § 6059, requires every contract "that is not to be performed within one year from the making thereof" to be in writing signed by the party to be charged or by his authorized agent. This contract was for five years and is, therefore, within the statute. Appellant seeks to avoid this situation by two contentions: (1) That the written contract (here the letter) need not contain every detail of the agreement if the language used can be made certain by proof; and (2) part performance under the contract.

As to the first contention, appellant relies upon British-American Oil Producing Co. v. Buffington, 5 Cir., 116 F.2d 363, 364. That case is not in point on problems involving a statute of frauds. Such statute was not involved therein. The issue there was whether the contract was "too incomplete, indefinite, and uncertain" to be enforceable. It had nothing to do with the question of how completely a contract must be in writing to comply with a statute of frauds—a quite different matter.

■ The case of Izard v. Connecticut Fire Ins. Co., 128 Ark. 433, 194 S.W. 1032, determines against this contention of appellant. Therein, the court stated: "The contract cannot rest partly in writing and partly in parol, for unless the writing is complete on its face the undertaking is dependent upon the terms of the oral contract, although statements in writing may be admissible to prove the oral contract." 194 S.W. at page 1033. Also see Blodgett Const. Co. v. Watkins Lumber Co., 158 Ark. 75, 249 S.W. 574, 577.

As to the contention that part performance by appellant will satisfy the statute. Although part performance may, in equity, remove a contract from the statute (Williams v. Dumas, 197 Ark. 1011, 126 S.W.2d 934, 936), the decisions of the Supreme Court of Arkansas may not be entirely harmonious as to whether this is

true where the action is one at law.[1] Be this as it may, the latest announcement of that Court holds that part performance cannot avoid the statute. Mitchell v. Hanley, 171 Ark. 456, 284 S.W. 535, 536.

The judgment must be and is affirmed.

---

[1] Compare Mitchell v. Hanley, 171 Ark. 456, 284 S.W. 535, 536; Oak Leaf Mill Co. v. Cooper, 103 Ark. 79, 146 S.W. 130, 132, and Henry v. Wells, 48 Ark. 485, 3 S.W. 637, with Newton v. Mathis, 140 Ark. 252, 215 S.W. 615, and Storthz v. Watts, 125 Ark. 393, 188 S.W. 1166.