DABANIAN *v.* ROTHMAN.

1. APPEAL AND ERROR—PREPARATION OF RECORD.
    It is incumbent on one who appeals from the order of a lower court to prepare the record for review.

2. LANDLORD AND TENANT—RENEWAL OF LEASE—ORAL AGREEMENT—PART PERFORMANCE—STATUTE OF FRAUDS—RECORD ON APPEAL.
    On hotel lessee's appeal from trial court's dissolution of order restraining lessor's summary proceeding, the alleged oral agreement to renew lease for period of three years *held*, within statute of frauds where alleged part performance thereof was found by trial court to have been but ordinary maintenance of the premises as required by the original lease and none of the testimony taken at the hearing has been included in the record (3 Comp. Laws 1929, § 13411).

3. FRAUDS, STATUTE OF—ORAL AGREEMENT—PART PERFORMANCE.

> The act or acts constituting part performance to render enforceable an oral agreement otherwise within the statute of frauds must be such as would not have been done but on account of the agreement, done with a view to perform it, and be prejudicial to the performing party (3 Comp. Laws 1929, § 13411).

4. SAME—LANDLORD AND TENANT—ORAL RENEWAL OF LEASE—CONTINUED POSSESSION—PART PERFORMANCE.

> The mere continued possession of a tenant already in possession under a lease does not constitute an act of part performance of an oral agreement to renew the lease rendering such agreement enforceable (3 Comp. Laws 1929, § 13411).

5. MANDAMUS—DISCRETION OF COURT—RECORD.

> On hotel lessee's appeal from order dissolving restraint of lessor's summary proceeding which was based on lessee's alleged part performance of an oral agreement to renew lease, finding of circuit judge that alleged part performance, consisting of improvement of premises and purchase of furniture and other equipment for the hotel, was but ordinary maintenance of the premises as required by the original lease *held*, not an abuse of discretion, in absence of testimony taken at the hearing; hence mandamus to compel trial judge to set aside order made is denied.

Appeal from Wayne; Ferguson (Homer), J. Submitted October 4, 1939. (Calendar No. 40,771.) Decided November 9, 1939.

Bill by Jack Dabanian against Lena M. Rothman, William Oppenheimer, and William J. Cody, Circuit Court Commissioner, to enforce the terms of an alleged oral lease, to enjoin an ejectment action, and for other relief. Plaintiff reviews order dismissing bill by appeal in the nature of mandamus. Affirmed.

*Leon Dreifuss,* for plaintiff.

*Harry N. Grossman,* for defendants.

BUSHNELL, J.  Lena M. Rothman and her husband, now deceased, were the owners of property in the city of Detroit known as the Fairview Hotel. On June 1, 1933, they rented the hotel to plaintiff Jack Dabanian for a term of five years at the rate of $200 per month. On the 1st of March, 1937, before the expiration of the lease, the Rothmans entered into a new lease for a period of 15 months from such date. The lease was executed in behalf of the owners by their Detroit agent, William Oppenheimer, to whom the rent was paid each month. Plaintiff never came in contact with either Mr. or Mrs. Rothman. On the death of her husband, Mrs. Rothman became sole owner of the property. The lease entered into on March 1, 1937, contained the following clause:

"The party of the second part agrees that three months prior to the expiration of this lease that he will notify the parties of the first part of whether it is his intention to negotiate for a new lease, otherwise, the parties of the first part shall have the right to place 'for rent' signs on the building three months prior to the expiration of this lease and in the event of the parties of the first part and the party of the second part being unable to make a lease satisfactory to all parties, then the parties of the first part shall have the right to place a 'for rent' sign on said building at any time three months prior to the termination of this lease."

Plaintiff claims that under the provisions of this section he notified Oppenheimer on March 1, 1938, just three months prior to the expiration of the lease, that he desired a new lease; that after some discussion as to terms, Oppenheimer orally agreed to renew the lease for three years from the date of expiration, June 1st, at a rental of $200 per month. Plaintiff contends that on the strength of such prom-

ise he spent more than $1,500 for improvement of the premises and purchase of furniture and other equipment for the hotel and that he continued to make demand for a written renewal of the lease according to the terms agreed upon; that such renewal was refused and plaintiff continued to occupy the premises, paying $200 a month therefor, until he received a three months' notice to quit. At the expiration of such notice, Mrs. Rothman began summary proceedings to recover real estate before a circuit court commissioner of Wayne county, whereupon plaintiff filed a bill against Mrs. Rothman, Oppenheimer, and the circuit court commissioner to enjoin furtherance of the summary action.

In the answer filed by defendants Rothman and Oppenheimer, which was sworn to by Oppenheimer, it was denied that plaintiff had ever been promised a renewal of the lease. On the contrary it was asserted that he had been told that, because of the negligent and careless manner with which he had operated and maintained the property, he could continue to occupy the premises only on a month to month basis. Defendants denied that plaintiff had expended $1,500 on the property, and claimed that at most plaintiff had spent not more than $50 in making necessary repairs to maintain the premises. They also alleged that they had spent $1,700 for complete redecoration of the hotel although it was plaintiff's obligation under the lease to maintain the premises, and claimed that suit was brought by plaintiff to force purchase from him of hotel furnishings and furniture which are of no value. The answer also set up the statute of frauds as a defense to plaintiff's claim of an oral renewal of the lease.

The trial judge after hearing testimony found that the improvements and repairs claimed to have been made by plaintiff were of the type considered

as ordinary maintenance. It was incumbent upon plaintiff, who has appealed from the dissolution of the restraining order, to prepare the record for review. He has failed to include therein any of the testimony taken at the hearing on the motion to show cause, and we, therefore, have nothing before us to show any error in the finding of the circuit judge. In that event, the alleged oral renewal of the lease must be held within the statute of frauds, 3 Comp. Laws 1929, § 13411 (Stat. Ann. § 26.906). Since plaintiff was bound to maintain the premises under the old lease, his performance of that duty cannot be regarded as "part performance" of the alleged oral agreement so as to take it outside the operation of the statute.

"The general principle is that the act or acts, constituting such part performance, must be such as would not have been done but on account of the agreement; that they be done with a view to perform it, and that they be prejudicial to the performing party." *Davenport* v. *Mason,* 15 Mass. 85, 93.

Where the tenant is in possession at the date of the alleged oral agreement between himself and the landlord, his continued possession is not an act of part performance. The case is ruled by *Messmore* v. *Cunningham,* 78 Mich. 623, where the tenant held over and made repairs to a roof to prevent leakage. See, also, *Burckhardt* v. *Greene,* 26 Ohio Cir. Ct. 315; *Ashcraft* v. *Tucker,* 136 Ark. 447 (206 S. W. 896); 101 A. L. R. 1018.

The circuit judge did not abuse his discretion in dissolving the restraining order and denying the temporary injunction. Writ of mandamus is denied, with costs to appellees.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.