LAPEDUS *v.* WEINBERG.

ONICKEL *v.* SAME.

HYCEWSKI *v.* SAME.

GRAINER *v.* SAME.

WHITE *v.* SAME.

1. FRAUDS, STATUTE OF—10-YEAR LEASES—PART PERFORMANCE.

An oral agreement for a 10-year lease of spaces for stalls in a market is void unless there was part performance thereunder and where evidence is insufficient to show part performance, specific performance would not be justified (3 Comp. Laws 1929, §§ 13411, 13413, 13415).

2. SAME—LANDLORD AND TENANT—ORAL RENEWAL OF LEASE—CONTINUED POSSESSION—PART PERFORMANCE.

The mere continued possession of a tenant already in possession under a lease does not constitute an act of part performance of an oral agreement to renew the lease rendering such agreement enforceable (3 Comp. Laws 1929, § 13411).

3. SAME — AGREEMENT TO DEVISE INTEREST IN LAND — PRECEDENT CONSIDERATION.

An agreement to devise an interest in land, though founded on a precedent valuable consideration, is within the statute of frauds (3 Comp. Laws 1929, § 13411).

4. SAME — ACTS PERFORMED TO OBTAIN AN ORAL AGREEMENT TO LEASE—PART PERFORMANCE.

Acts performed in order to obtain a claimed oral agreement for a lease do not constitute part performance under the oral lease so as to render it specifically enforceable (3 Comp. Laws 1929, § 13411).

Appeal from Wayne; Nicol (Henry G.), J. Submitted January 16, 1940. (Docket Nos. 37–41, Calendar Nos. 40,902–40,906.) Decided March 15, 1940.

Separate bills by Sarah Lapedus, Rose Onickel, Leon Hycewski, Samuel Grainer and Milton White against Morris Weinberg and others for specific performance of an oral lease, for cancellation of a lease and an injunction. Cases consolidated for trial

and appeal. Decree for defendants. Plaintiffs appeal. Affirmed.

*Beckenstein & Beckenstein,* for plaintiffs.

*Isaac Finkelstein (William Henry Gallagher,* of counsel), for defendants.

Wiest, J. The five plaintiffs filed like bills to obtain specific performance of an alleged oral agreement by defendant Morris Weinberg to give them written leases for spaces or stalls in the West Warren Public Market in the city of Detroit for terms of 10 years, beginning in October, 1938. Upon the hearing in the circuit court the bills were dismissed, and the cases are here by appeal to be heard upon one record.

The circuit judge held the alleged agreement was not proven.

At the arguments in this court we asked counsel for plaintiffs to point out the claimed acts of part performance taking the agreement, if made, out of the statute of frauds.

The alleged oral agreement for 10-year leases was void (3 Comp. Laws 1929, §§ 13411, 13413 [Stat. Ann. §§ 26.906, 26.908]) unless there was part performance thereunder. 3 Comp. Laws 1929, § 13415 (Stat. Ann. § 26.910). The evidence fails to show acts of performance by plaintiffs authorizing the court to compel specific performance by defendants. Therefore, we need not determine whether the alleged oral agreement was made because, if made, it was void.

We briefly review the averred acts of part performance. It appears that in 1929 a market was established on a vacant lot and open spaces were rented to purveyors. Some, if not all, of plaintiffs

were early renters of spaces. After a time the market space was covered with a roof and plaintiffs continued as tenants. It is claimed that in 1931 an ordinance of the city required a roof to be placed over the market and, in answer to the plea of Mr. Weinberg for financial help and his statement: "Boys, it is the market mine like yours, and now you help me out, you are going to stay on the market so long as I am going to have the market," they contributed by higher rents and money and paid the roofing contractors $750. That was no part performance of the contract claimed to have been made in April, 1937. The same is true of other claimed financial aid in 1932 and 1934, and applies as well to consent to increase their rents.

In April, 1937, when the oral contract is alleged to have been made, plaintiffs claim:

"They were induced to agree to a cancellation of their outstanding leases (which would not mature until October, 1938) and to accept instead new written leases covering the balance of the old term, but providing for a higher rental for the same term; and when they were likewise induced to surrender their cause of action for damages by reason of Birnbaum's aforesaid unfair competition—all because of the agreement on the part of Morris Weinberg to give them new leases after October, 1938, as alleged in the bill of complaint."

This sounds in tort rather than in contract. At least it was not part performance. If it be held to have been a consideration for an oral promise to give a future lease for 10 years it was within the statute of frauds.

The possession of plaintiffs, at the time of the alleged oral promise for 10-year leases, was under written leases for terms from April 3, 1937, to Oc-

tober 2, 1938, and contained the following agreement:

"That in the event tenant shall hold over after the expiration of the term demised for a sufficient period of time to create a renewal of this lease by operation of law, that any renewal or future right of possession not evidenced by any instrument in writing, executed and delivered by the landlord, shall be a tenancy from calendar month to calendar month, and for no longer term."

The original bill in the case of Sarah Lapedus was filed October 1, 1938, the day before the written lease expired and her occupancy of the premises thereunder was, by the above-mentioned agreement, a mere holding over from month to month and not an occupancy in part performance of the alleged oral contract for a 10-year lease from October 2, 1938.

In *Dabanian* v. *Rothman,* 291 Mich. 31 (125 A. L. R. 1465), we again held:

"Where the tenant is in possession at the date of the alleged oral agreement between himself and the landlord, his continued possession is not an act of part performance."

Plaintiffs stress their co-operative efforts and financial assistance over a course of years in developing and housing the market, including the organization of a tenant's association "to promote success of market and to make it a common enterprise."

This, if true, antedated the claimed oral agreement for a 10-year lease, and cannot now be picked up and applied as part performance of the alleged subsequent agreement for a lease; nor would such meet the requirement fixed by the statute in author-

izing the court of equity to compel specific performance of oral agreements.

In *Thorbahn* v. *Walker's Estate,* 269 Mich. 586, 590, we held:

"An agreement to devise an interest in land though founded on a precedent valuable consideration is within the statute of frauds."

Acts performed in order to obtain the claimed oral agreement for a lease do not constitute part performance under an oral lease.

The decrees in the circuit court dismissing the bills are affirmed, with costs to defendants.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.