IZARD *v.* CONNECTICUT FIRE INSURANCE COMPANY.

Opinion delivered April 23, 1917.

1. CONTRACTS—STATUTE OF FRAUDS.—A contract cannot rest partly in writing and partly in parol, for, unless the writing is complete on its face, the undertaking is dependent upon the terms of the oral contract, although statements in writing may be admissible to prove the oral contract.

2. CONTRACTS—EMPLOYMENT—STATUTE OF FRAUDS.—Appellee agreed orally to employ appellant for a year to begin in the future, and then made a note undertaking to confirm the same. *Held,* the contract was within the statute of frauds, and that the writing did not take it out of the operation of the same.

3. STATUTE OF FRAUDS—CONTRACT—DEMURRER.—Where a complaint sets forth the character of a contract, whether written or oral, as required by our statute on the subject of pleading, the statute of frauds may be raised by general demurrer to the complaint, if the allegations disclose a contract which falls within the terms of the statute.

4.    CONTRACTS—STATUTE OF FRAUDS—EMPLOYMENT.—Where a contract of employment sued on is within the statute of frauds, there is no presumption that the employment continued under the terms specified with respect to length of service, and the contract becomes one of service during the will of the parties.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Mann & Mann,* for appellant.

The contract was not within the statute of frauds. 103 Ark. 79. Besides, the contract was performed by the parties. 2 Elliott on Contracts, § 1213; 8 L. R. A. 410; Wood on Master & Servant, § 96; Mecham on Ag., § 212; 26 Cyc. 976; 125 Ark. 503.

*R. J. Williams,* for appellee.

The demurrer was properly sustained. The contract was within the statute of frauds and void. A contract can not rest partly in writing and partly in parol. 9 Ark. 506; 1 Powell on Contracts, 259; 3 Starkie on Part., 1008; 13 Ark. 125; *Ib.* 598; 20 *Id.* 305; see also 46 *Id.* 84; 103 *Id.* 80; 6 Rul. Cas., § 282, p. 895; 9 L. R. A. (N. S.) 1184; 175 Fed. 321.

McCULLOCH, C. J. This is an action instituted by appellant against appellee to recover balance due under alleged contract of employment. The court sustained a demurrer to the complaint and dismissed it, appellant having declined to plead further.

It appears from the allegations of the complaint that appellee, an insurance corporation, employed appellant as its special agent in the State of Arkansas at a monthly salary of $150, and that appellant worked in that capacity from January 1, 1912, to May 31, 1914, when he was discharged from appellee's service. The theory of appellant is that he was employed by the year at a salary of $150 per month for the year 1912; that the contract continued from year to year under the same terms, and that he was wrongfully discharged during the third year of service, and is entitled to recover his salary for the re-

mainder of the year.  Appellees filed a general demurrer predicated on the theory that the alleged contract was not in writing, and, not being one to be performed within a year from the date it was entered into, was within the statute of frauds, and void.  In the original complaint, appellant stated that in the month of December, 1911, "the plaintiff entered into a contract with the defendant, under the terms of which the plaintiff was to be the special agent for the defendant in the State of Arkansas, for one year," at a salary of $125 per month, and subsequently his salary was raised to $150 per month. There was an amendment to the complaint in which it was stated that on the 28th day of December, 1911, an oral contract was entered into "under the terms of which the plaintiff was to be special agent for the defendant during the year 1912, and was to receive a salary commencing at the rate of $125 per month, and said salary was to be increased, if the services of the plaintiff were satisfactory to the defendant, to the sum of $150 per month."

The complaint then sets forth a letter written by appellees to appellant dated January 2, in part as follows:

"Confirmatory of our conversation in Memphis last Friday, it is our understanding that you are to enter the service of the Connecticut Fire Insurance Company as special agent, commencing on the first of this year, and at a compensation of $125 per month and necessary traveling expenses."

(1-2)  It is observed from the consideration of the allegations of the complaint that it sets forth an oral contract entered into during the month of December, 1911, for services to be rendered throughout the year 1912, and it fell within that provision of the statute of frauds which requires that in order to charge any person upon any contract, promise or agreement not to be performed within one year from the making thereof, the contract must be in writing.  Kirby's Digest, § 3654, subdiv. 6.  The letter written subsequently was not sufficient memoran-

dum to take the case out of the operation of the statute of frauds, for it did not specify the terms of the employment for one year. So far as the writing evidenced the contract, it merely tended to show an agreement for services by the month. *Moline Lumber Co.* v. *Harrison,* 128 Ark. 260. The contract can not rest partly in writing and partly in parol, for unless the writing is complete on its face, the undertaking is dependent upon the terms of the oral contract, although statements in writing may be admissible to prove the oral contract. The substance of the allegation in the complaint, taking it as a whole, is that an oral contract was made in December to begin in the future, and the writing incorporated in the complaint is only evidence in part of the oral contract alleged to have been previously made, so it is after all an oral contract which the complaint attempts to set forth, and that contract is within the statute of frauds. The writing set forth in the complaint was not sufficient to take it out of the operation of the statute.

(3) Where a complaint sets forth the character of the contract, whether in writing or oral, as is required by our statute on the subject of pleadings, the statute of frauds may be raised by general demurrer to the complaint if the allegations disclose a contract which falls within the terms of the statute. Browne on Statute of Frauds, § 509; 10 Standard Encyclopedia of Procedure, p. 73; 20 Encyclopedia of Law, p. 312; *White* v. *Levy,* 93 Ala. 484; *Putnam* v. *Grace,* 161 Mass. 237; *Linn-Boyd Tobacco Warehouse Co.* v. *Terrill,* 13 Bush (Ky.) 463.

(4) The original contract set forth in the complaint being within the statute of frauds, there is no presumption that the employment continued under the terms specified with respect to length of service, and the contract became one of service during the will of the parties. Appellant does not rely on the letter set forth in the complaint as an employment by the month so as to entitle him to recover a month's wages on account of discharge without notice, and it is conceded in the complaint that ap-

pellant is indebted to plaintiff on items growing out of the contract for amounts largely in excess of a month's salary.

The judgment of the circuit court was correct, and the same is affirmed.