## THOMPSON *v.* DAVENPORT.

Opinion delivered October 11, 1920.

EVIDENCE—WRITTEN INSTRUMENT—ADDITIONAL PAROL AGREEMENTS.—
   Where a writing recites the sale of certain property, but shows on its face that it is a mere memorandum, and does not express the entire agreement between the parties, and left the matter

open for further negotiations, parol evidence was admissible to prove an additional agreement concerning the seller re-engaging in the same business for a stipulated time.

Appeal from Benton Chancery Court; *Ben F. Mc-Mahan,* Chancellor; affirmed.

*Rice & Rice,* for appellant.

The contract was a written contract complete on its face, and it was not competent to vary or contradict it or establish an additional contract by oral testimony. The written contract was not uncertain but certain and complete. 9 Cyc. 251; 91 Fed. 232; 96 Ark. 184. Parol testimony was not admissible to vary, qualify or contradict the written contract, as there was no uncertainty or ambiguity. 113 Ark. 509.

*Mauck & Seamster,* for appellees.

1. The cross-complaint and answer and set-off put in issue the question raised by appellant, and it is immaterial whether the demurrer should have been sustained as to any part of the contract or not. 100 Ark. 28; 96 *Id.* 163; 92 *Id.* 594.

Courts of equity and this court on appeal consider only legal and competent testimony, and when the findings are not against the preponderance of the evidence they do not disturb the findings. 90 Ark. 126.

2. A party can allege and prove the circumstances of the execution of a note and the consideration therefor. The so-called written contract was only part of the contract and of the evidence, and appellees had the right to prove the breach of an oral contract or agreement as a set-off to the notes sued on. 81 Ark. 373, 389-90. A subsequent parol agreement changing the terms of a written contract may be proved by parol testimony. 85 Ark. 605-7; 90 *Id.* 426-9; 56 *Id.* 37; 102 *Id.* 669. See, also, 210 S. W. 344; 41 So. Rep. 816; 1 Mo. App. 593; 4 A. L. R. 73-4-5.

McCULLOCH, C. J. Appellant owned and operated a meat market in Bentonville, Arkansas, and sold out to

appellee for an agreed price to be paid in the delivery of an automobile, a mule and five cows, and the balance to be evidenced by promissory notes. At the time of the sale there was a writing executed by the parties, as follows:

"Bentonville, Arkansas, 4-15, 1919.

"We, the undersigned, _____, S. C. Thompson, party of the first, does agree with the parties of the second part to trade his City Meat Market, slaughter house and slaughter ground for $3,000, and payable in the following manner:

One Overland car at............................................................................$900.00
One three-year-old mule............................................................ 150.00
Five cows to be selected and certain notes balance.

"Parties of the second part are to have six months' time at 10 per cent. and at the end of six months, if parties of the second part are unable to pay in full, then an extension of time is to be allowed."

It is alleged in this action that appellant made certain misrepresentations concerning the slaughter house and grounds, and that appellees sustained damages by reason of said misrepresentations concerning the location and extent of the slaughter house property. Also that appellant orally agreed, as a part of the consideration for the sale, that he would not engage in that business in Bentonville for a year after the consummation of the sale. On the trial of the cause damages were awarded to appellees in the sum of $275 on account of the misrepresentations concerning the slaughter house and grounds. The correctness of that part of the decree is not questioned.

The court also found that appellant agreed with appellees not to engage in the business of running a meat market for a period of one year and awarded damages to appellees for breach of the agreement in the sum of $250. This appeal challenges the correctness of the court's finding in that regard and also as to the correctness of the ruling of the court in permitting the contract in relation to appellant re-entering the business to be proved by oral testimony. Appellees were permitted to

prove, over appellant's objection, that as a part of the consideration for the sale appellant agreed to include the good will of the business and that he would not engage in that business in Bentonville for a year.

It is contended that the contract for the sale of the property was complete on its face, and that it was not competent to establish an additional oral contract, even though it was based on the same consideration. The answer to this contention is that the contract was not complete on its face. A part of the consideration was five cows "to be selected" and the balance in "certain notes." This left the matter open for further negotiations between the parties before the sale could be consummated. The writing was no more than a memorandum of the things that the parties agreed upon and it afforded evidence of the agreement, but not the sole evidence. *Izard v. Conn. Fire Ins. Co.*, 128 Ark. 433. The contract being incomplete and the subject-matter being open to further negotiations, it was competent to prove any additional agreement not specified in the memorandum. We are of the opinion therefore that no rule of evidence was violated by permitting oral proof of the additional agreement concerning appellant's re-entering the same business during the specified period.

Decree affirmed.