## Moore v. Illinois Cent. R. Co.

(Division A. Nov. 8, 1937. Suggestion of Error Overruled Jan. 3, 1938.)

[176 So. 593. No. 32860:]

Chalmers Potter, of Jackson, for appellant.

**May & Byrd**, of Jackson, and **Burch, Minor & McKay**, of Memphis, Tenn., for appellee.

Argued orally by **Chalmers Potter**, for appellant, and by **J. L. Byrd**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant sued the appellee on an alleged breach of a contract of employment. The appellee filed six special pleas. Demurrers by the appellant to the first four pleas were overruled. The appellant replied to the fifth plea and a demurrer to his replication was sustained, as was also his demurrer to the appellee's sixth plea. The appellant declined to plead further, and judgment final against him was rendered.

The declaration alleges, in substance, that on and long prior to February 15, 1933, the plaintiff was a member of the Brotherhood of Railroad Trainmen, with which the defendant had entered into a contract which provided the rules, rates of pay, etc., for trainmen employed by it. That the plaintiff had been employed by the defendant as a trainman since June 2, 1926, and on November 13, 1926, the defendant, in accordance with its contract with the Brotherhood of Railroad Trainmen, published a seniority roster for its trainmen, giving the plaintiff No. 52 thereon. Under the provisions of the contract, the trainmen were given work by the defendant according to their seniority on this roster, and, among other things, the contract provided that no employee should be discharged by the defendant without just cause. That although the plaintiff had rendered the defendant faithful and efficient service, and was ready, willing, and able to so continue, he was arbitrarily discharged by the defendant on February 15, 1933, since which he has been unable to obtain employment, to the damages of the plaintiff in the sum of $3,000. The Brotherhood of Railroad Trainmen's contract was filed as an exhibit to the declaration, and is practically identical with the one under consideration in Moore v. Yazoo &

M. V. R. Co., 176 Miss. 65, 166 So. 395, and McGlohn v. v. Gulf & S. I. R. R. (Miss.), 174 So. 250.

The first three of the appellee's pleas allege, in substance: The first plea, that the employment of the plaintiff was not for a definite time, and was terminable at will; the second plea, that the contract sued on is unilateral, there being no agreement on the part of the plaintiff to perform any services whatever for the defendant, and was without consideration; the third plea, that the contract sued on was not one of hiring between the plaintiff and the defendant, but was merely a schedule of wages governing yardmen and switchmen, and that by it no switchman was employed for any specific period, no switchman agreed to perform any service for the defendant for any specified time, and, therefore furnishes no basis for a recovery by the plaintiff.

These pleas seem to be, in fact, demurrers, but aside from that, the demurrers thereto should have been sustained under McGlohn v. Gulf & S. I. R. R., supra, wherein the court held that a contract by a labor union with an employer, similar to the one here, was: (1) Valid; (2) that a member of the labor union which made the contract could sue thereon, although he had not, himself, agreed to work for the employer for any definite time; and (3) could not be discharged by the employer at will. That case was decided after the trial in the court below of the case now under consideration.

The fourth plea set forth a provision of the contract sued on, reading as follows: "(d) Yardmen or switchtenders taken out of the service are censured for cause, shall be notified by the Company of the reason therefor, and shall be given a hearing within five days after being taken out of the service, if demanded, and if held longer shall be paid for all time so held at their regular rate of pay. Yardmen or switchtenders shall have the right to be present and to have an employee of their choice at hearings and investigations, to hear the testimony, and ask questions which will bring out facts

pertinent to the case. They shall also have the right to bring such witnesses as they desire to give testimony, and may appeal to higher officers of the Company in case the decision is unsatisfactory. Such decision shall be made known within three days at New Orleans and at other points ten days after the hearing, or yardmen or switchtenders shall be paid for all time lost after the expiration of three days at New Orleans and ten days at other points. In case the suspension or dismissal or censure is found to be unjust, yardmen or switchtenders shall be reinstated and paid for all time lost.'' It then alleges, in substance, that when the appellant was discharged on February 15, 1933, he was notified thereof, in writing, by the defendant's superintendent, whereupon the plaintiff notified the superintendent in writing that he desired a hearing on his discharge, which request was complied with by the superintendent. While the plea does not so allege, it is clear therefrom that the superintendent declined to reinstate the plaintiff, whereupon he gave written notice to the defendant that he desired to appeal from this ruling of the superintendent. The defendant, through its proper officers, advised the plaintiff that a hearing on this appeal would be accorded him on a named date, but the plaintiff failed to appear and abandoned his appeal, because of which he is without the right to maintain this suit.

The appellant is not seeking to be restored to the appellee's employment, nor does his complaint involve any question of discipline or policy arising under the contract. It includes only his right, vel non, to damages, because of his alleged discharge by the appellee, for the determination of which the courts are open to him without his having exercised his right to attempt to gain his reinstatement in the appellee's employ by appealing from its superintendent to his superior officers. Independent Order of Sons & Daughters of Jacob v. Wilkes, 98 Miss. 179, 53 So. 493, 52 L. R. A. (N. S.) 817; Eminent Household of Columbian Woodmen v. Ramsey, 118

Miss. 454, 79 So. 351, and Eminent Household of Columbian Woodmen v. Payne, 18 Ala. App. 23, 88 So. 454. The demurrer to this plea should have been sustained.

The fifth plea is one of res judicata, and alleges, in substance, that on October 15, 1932, the plaintiff sued the defendant in the First district of Hinds county, in a cause appearing there as No. 8232, and on February 23, 1933, filed an amended declaration therein alleging that he had been given a lower place on the defendant's seniority roster, resulting in his being, in effect, discharged, by reason of which he had been damaged. After the filing of this amended declaration, the defendant filed the following third special plea: ''Now comes the defendant, Illinois Central Railroad Company, by its attorneys, and for a further and special plea to the declaration herein, says that in any event, the plaintiff is not entitled to recover pay for any time after the 15th day of February, 1933, because it says that on said 15th day of February, 1933, it notified the said plaintiff, Earl Moore, in writing, that his services were no longer desired, and that his employment was at an end, and his said employment with this defendant did end on said date and any right the said Moore might have had to work for the defendant ceased on said date.'' To this plea, the appellant replied as follows: ''And now comes the plaintiff and for replication to the third special plea of the Illinois Central Railroad Company heretofore filed herein says that nothing therein contained should defeat or prevent the maintenance of plaintiff's cause of action, because it is alleged in the declaration and in the exhibits annexed thereto under Article 17 of said Exhibit, the following, 'No switchman will be discharged or suspended without just cause,' and said special plea does not allege that the said defendant, Illinois Central Railroad, had any sufficient cause of firing the said plaintiff who was a switchman and the said plaintiff does hereby allege and aver that the only reason that he was fired was because that he had filed this lawsuit seeking a re-

dress of his wrongs in the defendants, and plaintiff avers that the filing of a lawsuit to compel the courts to perform their contracts is not sufficient cause within the meaning of said contract of employment. All of which the defendant is ready to verify.'' Issue on this replication was joined by consent, and the cause proceeded to trial resulting in a verdict for the defendant, and a judgment that the plaintiff recover nothing.

The replication of the plaintiff to this plea of res judicata sets forth, among other things, that: ''It was alleged in said declaration, in suit No. 8232, and the following allegation constituted the gist of plaintiff's action herein, that the said defendants therein had breached a contract between the Switchman's Union of North America, of which plaintiff was, at the time he went to work for the Alabama & Vicksburg Railway Company, a member, in that he had been given a lower place on the seniority roster of both defendants in their Jackson yards than the place to which he was entitled under the contract, yet plaintiff avers that the basis of his cause of action in said cause, to-wit, No. 8232, was breach of the contract originally entered into between the said Alabama & Vicksburg Railway Company and the Switchman's Union of North America, for a failure of this defendant and the Yazoo and Mississippi Valley Railroad Company to give him the place upon the seniority roster to which he was entitled, the contract between the Switchman's Union of North America, and the Alabama & Vicksburg Railway Company having been expressly assumed as alleged in the pleadings in said cause by the defendants therein, and all other matters alleged, either in the declaration or in any subsequent pleadings filed by either party thereto, did not form the basis of plaintiff's cause of action therein, but merely to show and explain the extent of damages suffered by said plaintiff, or any attempt by the defendants to limit said damages. That the cause of action between the Illinois Central Railroad Company and this

plaintiff in said cause No. 8232, is in no way identical with the cause of action here sued on, because the cause of action here sued on is based not upon the Switchman's Union contract, but a contract between this defendant and the Brotherhood of Railroad Trainmen. The basis of this suit is not a failure to give plaintiff a place upon the seniority roster to which he conceived he was entitled, but is a suit for his wrongful discharge under a contract of hire. Plaintiff further alleges that said plea constitutes no defense because cause No. 8232 was decided by this court and affirmed by the Supreme Court [Moore v. Yazoo & M. V. R. Co., 176 Miss. 65, 166 So. 395] upon the grounds that the contract therein sued on provided that within thirty days after the promulgation of the seniority list, the seniority list therein sued on having been promulgated in November, 1928, that any person not being satisfied with the number given him thereon should, within thirty days after the promulgation of said list, file a written protest; that this the plaintiff in cause No. 8232 failed to do personally within the time required by the contract between the Switchman's Union of North America and the Alabama & Vicksburg Railway Company, and for that reason a directed verdict was rendered against said plaintiff, which was affirmed by the Supreme Court of the State of Mississippi, a copy of the opinion of the Circuit Court and the opinion of the Supreme Court both being attached hereto marked Exhibits 'B' and 'C' respectively, and prayed to be considered a part hereof as fully and completely as if copied herein, and the issue herein involved has never been decided upon its merits either by this court or any other court. All of which the plaintiff is ready to verify.'' The declaration in the former suit, filed as an exhibit to this replication, is in accord therewith.

It appears from the appellee's fifth plea that this discharge of the appellant was pleaded by it in the former suit, not in bar of the action, but only in bar of the right of the appellant ''to recover pay for any time

after the 15th day of February, 1933,'' the date of his discharge.

The appellee says that the wrongfulness, vel non, of the appellant's discharge by it on February 15, 1933, was one of the questions presented and litigated in the former suit, and was decided by the verdict and judgment there rendered.

The appellant admits that this question was presented in the former suit by the appellee's plea, but says that it did not and could not have entered into the verdict and judgment rendered; and, further, that the evidence necessary to support his there cause of action differed, in material aspects, from that necessary to support his cause of action here sued on.

It appears from the replication to this plea of res judicata, and from the opinions of the trial and the Supreme Court, to which both the appellant and the appellee, in their pleadings, refer, that the trial court directed the jury to return a verdict for the defendant, but, in so doing, did not and could not have considered and determined the wrongfulness, vel non, of the appellant's discharge by the appellee on February 15, 1933; and, further, that the trial court directed the jury's verdict only on the ground that the appellant had no cause of action because of his having been given the wrong number on the appellee's roster of workmen, and therefore could recover nothing. Had a recovery been allowed for the time intervening between the publication of the appellee's roster and the appellant's discharge on February 15, 1933, a different question would be here presented. The judgment in the former suit is not res judicata here.

We have left out of view the fact that the appellant here sues on a contract made with the appellee by the Brotherhood of Railroad Trainmen, and in the former suit on a contract made with appellee by the Switchman's Union of North America, the provisions of which are similar.

The appellant's demurrers to the first four pleas should have been sustained, and the appellee's demurrer to the appellant's replication to the fifth plea should have been overruled.

The appellee's sixth plea is to the effect that the appellant's cause of action is barred by section 2299, Code of 1930, the 3-year statute of limitations, for the reason that "the contract of employment between the plaintiff and this defendant was verbal, and the alleged breach of the contract occurred on February 15th, 1933, more than three years before the appellant's suit was begun."

The appellant's suit is not on a verbal contract between him and the appellee, but on a written contract made with the appellee, for appellant's benefit, by the Brotherhood of Railroad Trainmen; consequently, section 2299, Code of 1930, has no application, and the time within which the appellant could sue is six years under section 2292, Code of 1930. The demurrer to this plea, therefore, was properly sustained. This question was presented by a cross-appeal by the appellee.

Reversed and remanded.