**ROBERTS v. THOMPSON.**

Civ. A. No. 2259.

United States District Court
E. D. Arkansas, W. D.

Jan. 19, 1952.

Gentry, Tisdale & Shamburger, J. K.
Shamburger, Little Rock, Ark., for plaintiff.

776

Pat Mehaffy, Asst. Gen. Atty., Missouri Pac. R. Co., Little Rock, Ark., for defendant.

LEMLEY, District Judge.

■ This cause comes on to be heard upon two motions filed herein by the defendant entitled, respectively, "Motion to Dismiss", and "Supplemental Motion to Dismiss Plaintiff's Complaint, Or, in the Alternative, For Summary Judgment", which motions are submitted upon the pleadings, certain affidavits filed by the defendant, copies of the collective bargaining agreement between the defendant and System Federation No. 2, Railway Employee's Department, A. F. of L., written briefs, and oral argument. Since we are considering said affidavits and the collective bargaining agreement, as well as the pleadings, we are of the opinion that the defendant's motions taken together should be treated as a motion for summary judgment. See Rule 12 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

As we understand it, the plaintiff makes two contentions, first, that he was wrongfully discharged in violation of the contract between the defendant and the A. F. of L. Union, and, second, that when the defendant's Master Mechanic refused to permit the plaintiff to be represented by certain members of a labor union affiliated with the C.I.O., at a hearing in connection with his discharge, the plaintiff was wrongfully deprived of certain rights guaranteed him by the Railway Labor Act. 45 U.S.C.A. § 151 et seq.

■ As to the latter contention, the Railway Labor Act does not confer upon the courts jurisdiction to entertain original actions to compel railroads to re-employ or give back pay to discharged employees; Brooks v. C. R. I. & P. R. Co., 8 Cir., 177 F.2d 385, 391; Broady v. Illinois Central R. Co., 7 Cir., 191 F.2d 73; nor does said Act guarantee to any employee a right to representation at a hearing before an official of the railroad, in connection with a grievance or a matter of discipline; such right, if it exists, must be found in the contract between the railroad and the Union.

Broady v. Illinois Central R. Co., supra; and Butler v. Thompson, Trustee, 8 Cir., 192 F.2d 831.

■ The contract involved here provided for a hearing in connection with a discharge, and, further, that if the employee desired representation, he was to be represented by the local committee of the A. F. of L. union or their designated representative.

The defendant's Master Mechanic did not deprive the plaintiff of any right guaranteed to him under this contract, or by the Act, when he refused to permit the plaintiff to be represented by members of a rival union. The committee of the A. F. of L. union attended the hearing and were prepared to represent the plaintiff, but he declined to accept their services.

■ With reference to plaintiff's claim that he was discharged in violation of the contract between the railroad and the A. F. of L. union: first, since our jurisdiction is based solely on diversity of citizenship and the amount involved, plaintiff's rights are governed by Arkansas law. See Kordewick v. Indiana Harbor Belt Co., 7 Cir., 157 F.2d 753; Albrecht v. Indiana Harbor Belt R. Co., 7 Cir., 178 F.2d 577.

■ Under Arkansas law a railroad employee discharged in violation of a collective bargaining agreement between the railroad and a labor union cannot maintain an action for damages for such discharge because the contract is unilateral and lacking in mutuality, since the employee does not bind himself to work for the railroad for any specified period of time and is at liberty to cease work at will. Petty v. Missouri & Arkansas R. Co., 205 Ark. 990, 167 S.W. 2d 895; St. Louis, Iron Mountain & Southern R. Co. v. Matthews, 64 Ark. 398, 42 S.W. 902, 39 L.R.A. 467. Plaintiff has attempted to distinguish these cases from the instant one, but we do not believe that the distinctions which he attempts to make are of controlling importance.

■ Secondly, we are of the opinion that the plaintiff is suing upon an oral contract of employment, and that the Arkansas three-year statute of limitations, Ark.Stats.

§ 37–206, applies. An action such as this is not brought directly upon the written collective bargaining agreement between the railroad and the union, but upon the oral contract whereby the discharged employee was hired; under such circumstances the statute of limitations governing suits upon oral contracts is applicable. Illinois Central R. Co. v. Moore, 5 Cir., 112 F.2d 959; Kordewick v. Indiana Harbor Belt R. Co., supra; and Albrecht v. Indiana Harbor Belt R. Co., supra. In Illinois Central R. Co. v. Moore, the court distinguished between the collective bargaining agreement, as such, and the individual contracts of hiring entered into between the company and the respective employees; such differences were also pointed out in Shipley v. Pittsburgh & L. E. R. Co., D.C., Pa., 83 F.Supp. 722, at page 740.

We are mindful that there is authority to the contrary. See Union Pacific R. Co. v. Olive, 9 Cir., 156 F.2d 737, which refers to Moore v. Illinois Central R. Co., 180 Miss. 276, 176 So. 593. Nor have we overlooked the fact that the decision of the Fifth Circuit in the Moore case was reversed by the Supreme Court, Moore v. Ill. C. R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L. Ed. 1089; but that case was not reversed because the decision of the Court of Appeals was inherently wrong, but simply because the Supreme Court of Mississippi had taken a contrary view which was binding upon the Federal courts. We are not so bound by any Arkansas decision; and on the contrary, in Petty v. Missouri & A. R. Co., the Chief Justice and the late Associate Justice Ben E. Carter concurred in the ultimate decision of the court on the ground that they were of the opinion that the suit was on an oral contract, and that it was barred by limitation. We think that the views expressed by the Fifth Circuit in the Moore case, and by the Seventh Circuit in Kordewick v. Indiana Harbor Belt R. Co., (which applied the Illinois statute of limitations) and in Albrecht v. Indiana Harbor Belt R. Co. (which applied the Indiana statute of limitations) are sound and should be followed.

The affidavit of Mr. Christy, the Superintendent of the Central Division of the Missouri Pacific, which has not been controverted, is to the effect that plaintiff was employed orally and has never had any written contract with the defendant. Plaintiff's complaint shows that he was discharged in 1947, and this suit was not filed until March 20, 1951, more than three years after the cause of action arose; his action is, therefore, barred.

Let summary judgment be entered for the defendant, dismissing plaintiff's complaint.