Virginia S. SMITHEY, Plaintiff,

v.

ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Defendant.

Civ. A. No. 2749.

United States District Court,
E. D. Arkansas, W. D.

Jan. 20, 1955.

Reinberger & Eilbott, Pine Bluff, Ark., Gerland P. Patten, Little Rock, Ark., for plaintiff.

Ned Stewart, Texarkana, Ark., for defendant.

TRIMBLE, Chief Judge.

This suit was filed on February 8, 1954, by the plaintiff for damages allegedly resulting from a breach of contract with the defendant.

Plaintiff alleges that she was employed on or about January 27, 1948, as a railroad telegrapher and worked in this capacity until she was discharged on or about February 20, 1949.

Plaintiff in her complaint sets forth Article 27 of an agreement entered into between the defendant and the Order of Railroad Telegraphers on or about December 1, 1934. The Article set forth is entitled "Discipline and Grievances".

She alleges that she was wrongfully discharged and that she exhausted her administrative remedies in an effort to obtain reinstatement.

On February 26, 1954, the defendant answered the complaint admitting the employment and discharge of the plaintiff, but denying that the discharge was wrongful. Defendant admits that an agreement was entered into by the defendant and the Railroad Telegraphers as alleged in the complaint, but denies that the plaintiff exhausted her administrative remedies under the contract.

Defendant further answering denies that the plaintiff has been damaged and

affirmatively alleges that the complaint fails to state sufficient facts to constitute a cause of action and that the court is without jurisdiction; that the Railway Labor Act, 45 U.S.C.A. § 151 et seq., is applicable and that the plaintiff's pleading fails to set out any claim upon which relief can be granted by the court.

Subsequently, on October 27, 1954, defendant filed a motion to dismiss plaintiff's complaint or in the alternative for summary judgment.

In the motion to dismiss, defendant states that the plaintiff's alleged cause of action is barred by the statute of limitations. Defendant takes the position that the three year statute of limitations in Arkansas, § 37–206, Ark.Stats.1947, is applicable and says that since the alleged wrongful discharge was February 20, 1949, and the complaint was not filed until February 8, 1954, it is consequently barred by limitations.

Plaintiff takes the position that the basis of the complaint is a written contract, to wit: the contract above mentioned between the defendant and the Order of Railroad Telegraphers.

If the action is based upon a written contract, the statute of limitations would not bar the action until the end of five years after the date of discharge, or until February 20, 1954.

It is, of course, admitted that the plaintiff's signature does not appear on the contract or agreement entered into by the defendant and the Order of Railroad Telegraphers representing the employees of the company. The most that can be said of the 1934 agreement, I think, is that it is a conduit whereby the plaintiff and all other employees similarly situated became the beneficiaries of the provisions thereof, but plaintiff herself is unknown so far as may be discovered in an examination of the contract.

■ It is necessary, therefore, that parol testimony be used to show any contractual relationship between the plaintiff and the defendant. The contract referred to in the complaint, therefore, only constitutes a portion of the contractual agreement or relationship between the plaintiff and the defendant. Plaintiff finds herself in the position of having to rely upon not only the contract pleaded, but upon oral testimony to complete her contract. It is a well established rule of law that a contract partly in writing and partly in parol is verbal. White v. Southern Kraft Corporation, 8 Cir., 132 F.2d 381; Izard v. Connecticut Fire Ins. Co., 128 Ark. 433, 194 S.W. 1032.

In reaching the conclusion that a contract partly in writing and partly in parol was a verbal contract and, therefore contrary to the provisions of the Statute of Frauds, in the case of White v. Southern Kraft Corporation, supra [132 F.2d 382], Judge Stone of the Eighth Circuit Court of Appeals said:

"The case of Izard v. Connecticut Fire Ins. Co., 128 Ark. 433, 194 S.W. 1032, determines against this contention of appellant. Therein, the court stated: 'The contract cannot rest partly in writing and partly in parol, for unless the writing is complete on its face the undertaking is dependent upon the terms of the oral contract, although statements in writing may be admissible to prove the oral contract.' 194 S.W. at page 1033. Also see Blodgett Const. Co. v. Watkins Lumber Co., 158 Ark. 75, 249 S.W. 574, 577."

The principle likewise applies in determining whether or not a contract falls under the three year statute of limitations or the five year statute of limitations.

■ I reach the conclusion, therefore, that so far as the plaintiff's right to maintain this suit depends upon the 1934 agreement above mentioned, it is upon a verbal contract.

Plaintiff has filed as an exhibit in the case a photostatic copy of her application for employment which bears the date of January 26, 1948. Other dates are stamped and written on the application. The Medical Department rating is dated

by the examining surgeon 1–26–48 and by the chief surgeon 1–27–48. There is the stamped impression of the Office Superintendent of personnel dated February 3, 1948, and a date written by someone undisclosed of March 15, 1948. The page of the application which contains the description of the person applying for employment bears the signature of the general superintendent on the line headed "Approved". I am unable to find any provision of the application that would serve to make it a completed contract of employment, either by itself or when considered in conjunction with the 1934 agreement. It still requires testimony to establish employment of the plaintiff by the defendant, and it is presumed that the transactions which resulted in the employment were verbal. At any rate, the plaintiff does not claim that there were any other written instruments involved in her employment than the agreement of 1934 and her application for employment.

■ The conclusion I have reached in this case that the employment involved was the result of a verbal contract does not mean that the statute of limitations bars the action, because plaintiff originally filed suit against the defendant on February 19, 1952, which was within three years of the date of her discharge. She took a nonsuit of this action on February 16, 1953. The present action was filed on February 8, 1954, and that brought the action within the provisions of Section 37–222, Ark.Stats.1947.

In support of defendant's motion to dismiss or for summary judgment it is argued that the contract sued on is a unilateral contract and, therefore, unenforceable. The case of Petty v. Missouri & Arkansas R. Co., 205 Ark. 990, 167 S.W.2d 895, decided February 1, 1943, is cited in support of this argument of the defendant, and if it is to be followed, the result would be the dismissal of the complaint for lack of mutuality.

It is the view of the plaintiff that the contract which she alleges was breached was not an Arkansas contract. It may be true that if the 1934 agreement could be said to be a completed contract it would be one that was executed in the State of Texas. If the application of the plaintiff for a position constituted a contract within itself, or constituted a completion of the contract, it might be said to be a Texas contract, a Missouri contract or an Arkansas contract, depending upon the place where the final act necessary to constitute employment took place.

■ However, as previously stated, I do not believe that either of the written instruments above mentioned, or both of them together, constitute a contract of employment. There is no proof regarding the details of the transaction that resulted in the plaintiff's commencing her work as telegrapher. However, the place of employment was Pine Bluff, Arkansas, and in the absence of any showing to the contrary, it must be presumed that she began her work and continued it in Pine Bluff, Arkansas, and since the commencement of the work constituted the final act of employment, it would be an Arkansas contract and, therefore, subject to construction according to the law of this state.

■ There is no federal question involved in this case, but jurisdiction is based upon diversity of citizenship, and the court is controlled by this general rule, quoting the first paragraph of Section 349, United States Courts, 54 Am. Jur. 971:

"When the jurisdiction of a Federal court is invoked upon the ground of diversity of citizenship, or a case is removed to the Federal court on that ground, the Federal court on matters of general law is governed by, and must apply, the law of the state, and follow precedents established by state decisions. By the express terms of the Federal Judiciary Act, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, the laws of the several states are to be regarded as rules of decision in trials at common law in

Federal courts in cases where they apply."

This rule of law was explained by Judge Donohoe in the case of United States v. 12,800 Acres of Land, D.C., 69 F.Supp. 767, 773, in these words:

"When the question before a federal court is governed by state law, the court must follow the most recent pronouncement of that law and dispose of the case in the light of state law as it exists when the case is finally determined. [Citing cases.] With reference to what state law must be applied in a federal court, the language of the Supreme Court in Vandenbark case [Vandenbark v. Owens-Illinois Glass Co.], 311 U.S. 538, at page 543, 61 S.Ct. 347, at page 350, 85 L.Ed. 327, is appropriate. The Court said: 'While not insensible to possible complications, we are of the view that, until such time as a case is no longer sub judice, the duty rests upon federal courts to apply state law under the Rules of Decision statute in accordance with the then controlling decision of the highest state court.' "

The majority opinion in the Petty case, supra, is based principally upon the decision of the Arkansas Supreme Court in the case of St. Louis, I. M. & S. Ry. Co. v. Matthews, 64 Ark. 398, 42 S.W. 902, 39 L.R.A. 467, decided November 6, 1897. The majority of the Arkansas Supreme Court who decided the Petty case did not feel that the Railway Labor Act was sufficiently persuasive of the trend of the times to call for the overruling of the Matthews case, and that to do so the court would have to run counter to a well established rule of the law of contracts.

Forceful and logical dissenting opinions were written in the Petty case by Justices Carter and Robins. There had likewise been dissents in the Matthews case. The dissents in both of these cases served to emphasize the principles laid down by the majority, if not the unquestioned correctness thereof.

My attention has been called to a recent decision of the Arkansas Supreme Court, Sheet Metal Workers International Ass'n, Local No. 249 v. E. W. Daniels Plumbing & Heating Co., Inc., Ark., 264 S.W.2d 597, opinion written by Judge Ward. Justices McFaddin and Millwee dissent and Justice George Rose Smith concurs. The question there decided was the validity of an injunction issued by the Chancery Court of Pulaski County, Arkansas, to prevent picketing. Incidentally, there was involved a contract entered into between the sheet metal workers union and the members of the union section of the Sheet Metal Construction Association.

The gist of the complaint of the members of the construction association was that the defendant members of the union were picketing the businesses of the construction association in violation of the provisions of said contract.

The members of the union in this case took the position that the contract, made the basis of the action, was void for lack of mutuality. The case of St. Louis, I. M. & S. Ry. Co. v. Matthews, supra, was cited and it was argued that the cited case was applicable for the reason that the individual contractors involved had assumed an attitude indicating that they were not bound by the contract. It was pointed out that a former president of the Contractors Association had stated that the bargaining committee set up in the contract could not bind him if it did not meet with his approval. In answer to this contention the appellees said that the testimony of the former president of the Contractors Association was in answer to hypothetical legal questions which he, not a lawyer, was incompetent to answer.

Judge Ward in his opinion held that the contract was not void for lack of mutuality. He pointed out that while the contract did not compel appellees to hire members of the union, nor did it force the members to work for appellees, there were obvious benefits moving to both parties and that there was little doubt that

the union's attitude would have been the reverse, if the contractors had insisted on paying lower wages than those specified in the contract.

It will be noted that the opinion of Judge Ward does not mention the Matthews case cited by the appellants.

We must presume that the Arkansas Supreme Court familiarized itself with the principles announced in the Matthews case as well as the affirmance thereof in the Petty case, and that if it had been intended to overrule those cases, there would have been an expression of that intention in unmistakable terms. In fact, it does not appear that the precise question of mutuality of a contract with respect to the right of continued employment or the remedy for wrongful discharge of an employee could have arisen in the Sheet Metal Workers case.

■ While, in my view, the opinion of the Arkansas court in the Sheet Metal Workers case, as well as the dissents in both the Matthews and Petty cases, tend to impair the soundness of the reasons given for so deciding the latter cases, I am, nevertheless, bound by what appears to be the decision of that court, that is, that so far as it affects the term of employment and the right to recover damages for the discharge of an employee, a contract, such as the one here sued on, is unilateral and unenforceable.

■ Furthermore, I am of the opinion that the Arkansas Supreme Court would hold, as did the Supreme Court of Tennessee, that the lack of mutual covenant as to the duration of employment did not taint the entire contract, rendering it all unenforceable. Cross Mountain Coal Co. v. Ault, 157 Tenn. 461, 9 S.W. 2d 692.

The conclusions herein announced on both the applicability of the three year statute of limitations and the lack of mutuality of the contract are fully supported in an opinion by Judge Lemley in the case of Roberts v. Thompson, Trustee, Missouri Pacific Railroad Co., D.C., 107 F.Supp. 775.

I, therefore, hold that the motion to dismiss the action should be sustained.