C. S. DONAHOO (Plaintiff), Respondent,

v.

Guy A. THOMPSON, Trustee of the Missouri Pacific Railroad Company, a Corporation (Defendant), Appellant.

No. 44988.

Supreme Court of Missouri.

Division No. 2.

May 14, 1956.

Motion for Rehearing or to Transfer to Court en Banc Denied June 11, 1956.

Harold L. Harvey, St. Louis, Johnson, Lucas, Bush & Gibson, Hilary A. Bush, Fred A. Murdock, Kansas City, for appellant.

Gardner & Gardner, Monett, for (plaintiff) respondent.

BARRETT, Commissioner.

The plaintiff, C. S. Donahoo, a conductor, instituted this action against his employer, the Missouri Pacific Railroad, to recover the sum of $67,500 damages for his alleged wrongful discharge in violation of his contract of employment. For his cause of action he, of necessity, relied upon the fact of his employment and the breach of two provisions, Articles 54 and 55, "Schedule

of Wages, Conductors," contained in the union contract between the railroad and the Brotherhood of Railroad Conductors executed in St. Louis, Missouri, May 1, 1924 and as thereafter amended and extended. Upon the trial of his case in Vernon County, Missouri, ten members of the jury awarded Mr. Donahoo the sum of $18,500 and the railroad appeals from the final judgment entered upon the verdict.

Throughout the trial of the cause and here the railroad has insisted that Mr. Donahoo was employed in Arkansas and that his cause of action is governed by the law of Arkansas. Under the law of Arkansas Mr. Donahoo would not be entitled to recover in this action, St. Louis, I. M. & S. Ry., Co. v. Matthews, 64 Ark. 398, 42 S.W. 902, 39 L.R.A. 467; Petty v. Missouri & Arkansas. Ry. Co., 205 Ark. 990, 167 S.W.2d 895 [1]; Roberts v. Thompson, D.C., 107 F. Supp. 775; Smithey v. St. Louis Southwestern Ry. Co., D.C., 127 F.Supp. 210 and, therefore, it is urged that the trial court erred in refusing to direct a verdict for the railroad at the close of all the evidence. The plaintiff urges, since his cause of action is based in part upon a collective bargaining agreement between the railroad and the Brotherhood of Railroad Conductors, that his rights and cause of action arise under and are "federally created rights" and that those rights may not be denied or defeated by the laws of any state. It is said that Mr. Donahoo's rights accrued by reason of the National Railway Labor Act, 45 U.S.C.A. §§ 151–161, that Congress thereby pre-empted the field and that the legality of the contract and Mr. Donahoo's right to recover in this action "should be determined by the Act of Congress" and "federal decisions construing and interpreting" this and similar contracts. The plaintiff does not say where he was employed, he ignores the fact and insists that the union contract was made for his benefit and supplants and dispenses with an individual contract between the railroad and its employees. In Jenkins v. Thompson, Mo., 251 S.W.2d 325, respondent's counsel unsuccess-

fully contended that this identical contract was a Missouri contract and that the cause of action was governed by the law of Missouri rather than the law of Arkansas.

The first difficulty with the respondent's basic position is that he does not point to any specific section of the Railway Labor Act, or to any other federal act concerning labor unions and union contracts, creating personal rights or personal causes of action. It is in this particular respect that the Railway Labor Act differs from the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Dice v. Akron, C. & Y. R. Co., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398, annotation 96 L.Ed. 408. This is not an action to enforce an award of the National Railroad Adjustment Board concerning a matter in which state courts have no jurisdiction or in which state law is wholly inapplicable. Order of Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788; Amalgamated Association of Street Electric Railway & Motor Coach Employees v. Wisconsin Employment Relations Board, 340 U.S. 383, 71 S.Ct. 359, 95 L.Ed. 364; Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795. The second difficulty with the respondent's basic position is that the action he asserts is not one arising under or by reason of the National Railway Labor Act but is a state-recognized common law action which he may maintain "regardless of the Railway Labor Act." Oswald v. Chicago, B. & Q. R. Co., 8 Cir., 200 F.2d 549, 551; Mayfield v. Thompson, Mo.App., 262 S.W.2d 157; Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. In this connection it may be noted that Missouri, whatever the theory of the actions, annotation 18 A.L.R.2d 352; 3 Mo.L.R. 252, has recognized, perhaps to a greater extent than any other jurisdiction, the right of individual railroad employees to maintain actions for their wrongful discharge. Mayfield v. Thompson, supra; Johnson v. Thompson, Mo., 251 S.W.2d 645; Wilson v. St. Louis-San Francisco Ry. Co., 362 Mo.

---

1. Certiorari denied and rehearing denied Petty v. Missouri & Arkansas Ry. Co., 320 U.S. 738, 64 S.Ct. 37, 88 L.Ed. 437.

1168, 247 S.W.2d 644; Craig v. Thompson, Mo., 244 S.W.2d 37; Baron v. Kurn, 349 Mo. 1202, 164 S.W.2d 310, 142 A.L.R. 787; Lyons v. St. Joseph Belt Ry. Co., 232 Mo. App. 575, 84 S.W.2d 933; McCoy v. St. Joseph Belt Ry. Co., 229 Mo.App. 506, 77 S.W.2d 175. In all these cases, however, the employee was a resident of Missouri, his contract of employment was entered into and performed in Missouri, he was discharged in and his cause of action was governed by the law of Missouri. There is no federal question involved in the wrongful discharge cases instituted in or removed to the United States District Courts, jurisdiction in those cases is based solely on diversity of citizenship and the amount involved. Smithey v. St. Louis Southwestern Ry. Co., D.C., 127 F.Supp. 210, 213; Roberts v. Thompson, D.C., 107 F.Supp. 775, 776; Moore v. Illinois Central R. Co., supra.

The very point made here, that state law can have no application to an action for wrongful discharge because Congress has preempted the field and that such actions are governed by the Railway Labor Act, was made in Transcontinental & Western Air v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 910, 97 L.Ed. 1325, and determined adversely to the respondent's contention. The respondent now says that the Koppal case "is not sound law and is squarely in the face of the Moore case" (supra). Nevertheless, the Supreme Court of the United States, after quoting from and explaining both the Moore and Slocum cases, said: "The result is that, whereas, under the Railway Labor Act, the Adjustment Board has exclusive jurisdiction to adjust grievances and jurisdictional disputes of the type involved in the Slocum case, that Board does not have like exclusive jurisdiction over the claim of an employee that he has been unlawfully discharged. *Such employee* may proceed either in accordance with the administrative procedures prescribed in his employment contract or he *may resort to his action at law for alleged unlawful discharge if the state courts recognize such a claim.* Where the applicable law permits his recovery of damages without showing his prior exhaustion of his administrative remedies, he may so recover, as he did in the Moore litigation, supra, under Mississippi law. *On the other hand, if the applicable local law, as in Missouri, requires an employee to exhaust his administrative remedies under his employment contract in order to sustain his cause of action, he must show that he has done so.*"

Even though a collective bargaining agreement results in a contract for the benefit of individual employees, "*The result is not, however, a contract of employment except in rare cases; no one has a job by reason of it and no obligation to any individual ordinarily comes into existence from it alone.* * * * After the collective trade agreement is made, the individuals who shall benefit by it are identified by individual hirings. The employer, except as restricted by the collective agreement itself and except that he must engage in no unfair labor practice or discrimination, is free to select those he will employ or discharge. But the terms of the employment already have been traded out. There is little left to individual agreement except the act of hiring. This hiring may be by writing or by word of mouth or may be implied from conduct." J. I. Case Co. v. National Labor Relations Board, 321 U.S. 332, 335, 64 S.Ct. 576, 579, 88 L.Ed. 762, 766; Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 3 Cir., 210 F.2d 623, 626. Here, as in Jenkins v. Thompson, 251 S.W.2d loc. cit. 326, Mr. Donahoo was not a party to the "Schedule of Wages. Conductors" and the schedule did not employ him. It was necessary for him to establish, in addition to the schedule, his contract of employment and prove that he became an employee under circumstances making the terms of the collective bargaining agreement applicable to him. Mayfield v. Thompson, supra.

Mr. Donahoo was less than candid concerning the details of his employment. He objected to and the court excluded his original written application for employment

executed at Van Buren, Arkansas, August 9, 1916. But aside from the application, Mr. Donahoo is a resident of Van Buren and he admits that he first went to work for the railroad at Van Buren in 1916. In 1941 he was discharged for violation of rules and was reinstated in 1942. When he was reinstated he again started working for the railroad in Van Buren. As a conductor and since his reinstatement, he has worked on the Wagoner Subdivision of the Central Division, a run of 166 miles from Van Buren to Coffeyville, Kansas. It was on a return trip, at Neodesha, Oklahoma, that he was charged with having again violated the rules. His letter of dismissal by the division superintendent was mailed from the divisional office in Coffeyville to Mr. Donahoo in Van Buren. There is no claim or proof by Mr. Donahoo that he was employed elsewhere, his claim is that wherever he was employed his action is not governed by the law of any state. But, upon this record, the fact is that his contract of employment is an Arkansas contract and his action, consequently, is governed by the substantive law of Arkansas. Jenkins v. Thompson, supra; Mayfield v. Thompson, supra; Moore v. Illinois Cent. R. Co., supra; Moore v. Illinois Cent. R. Co., 5 Cir., 136 F.2d 412; Transcontinental & Western Air v. Koppal, supra.

The respondent urges that the Arkansas cases are not sound and that the federal cases, Smithey v. St. Louis Southwestern Ry. Co. and Roberts v. Thompson, supra, were "poorly considered" but as Mr. Justice Black said of the refusal of the United States Circuit Court of Appeals to apply and follow the law of Mississippi: " * * * the Circuit Courts of Appeals do not have the same power to reconsider interpretations of state law by state courts as do the highest courts of the state in which a decision has been rendered. The Mississippi Supreme Court had the power to reconsider and overrule its former interpretation, but the court below did not." Moore v. Illinois Cent. R. Co., supra [312 U.S. 630, 61 S.Ct. 755]. Since, as indicated, the respondent could not recover in this action

under the law of Arkansas the judgment is reversed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C. is adopted as the opinion of the Court.

All concur.